BADER, ALIAS LEIFESTE, v. THE STATE.

No. 2416.   Decided June 24, 1902.

**Forgery of Negotiable Instrument—Indorsement—Indictment.**

Where forgery is not predicated upon the indorsement of a negotiable instrument, the indorsement need not be alleged or proven.

Appeal from the District Court of Llano.   Tried below before Hon. M. D. Slator.

Appeal from a conviction of uttering a forged instrument; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged by indictment with forgery and with uttering and passing a forged instrument. The court in his charge limited the consideration of the jury to the second count, and the jury found appellant guilty of uttering a forged instrument, and fixed the penalty at confinement in the penitentiary for a term of two years.

There is but one bill of exceptions, which insists that the second count, charging the uttering of a forged instrument, alleges and sets forth in haec verba, the check on the Commercial Bank of Mason, as follows: "Mason, Texas, Nov. 11, 1901.   No. —.   The Commercial Bank of Mason:  Pay to the order of C. A. Leifeste $196.30.   One hundred and ninety-six 30-100 dollars.   Phillip Eckert."

The facts show that the forgery was predicated on signing the name Phillip Eckert.   Appellant went under the name of C. A. Leifeste, as well as William Bader.   When appellant presented the check to the bank, it being payable to the order of C. A. Leifeste, the bank upon accepting the same requested the indorsement of appellant as Leifeste. Appellant insists that the court erred in admitting the check, because of a variance, in that the count charging the uttering of the instrument does not allege in haec verba the indorsement made by appellant upon the cashing of the same.   We have held that where a forgery is not predicated upon the indorsement of a negotiable instrument, that the indorsement on the same need not be alleged or proven.   Labaite v. State, 6 Texas Crim. App., 257; May v. State, 15 Texas Crim. App., 430; Hennessey v. State, 23 Texas Crim. App., 346; Abbott v. State, 34 Texas Crim. Rep., 508; Leslie v. State, 47 S. W. Rep., 367.   The evidence amply supports the verdict of the jury.   The judgment is affirmed.

*Affirmed.*