NEIL HEIMES v. THE STATE.

No. 655.    Decided May 25, 1910.

1.—Passing Forged Instrument—Evidence—Variance—Indictment.

Upon trial of passing a forged instrument, it was not necessary to allege the fiduciary character of the person upon whom the check was attempted to

be passed, and where the evidence showed that said person was the cashier of the bank there was no variance, and the capacity in which the person accepted the alleged forged check was wholly immaterial.

**2.—Same—Harmless Error—Evidence.**

Where the error, if error, was wholly immaterial and could not have injured defendant, the same was harmless.

**3.—Same—Continuance—Want of Diligence.**

Where defendant's application for continuance did not show sufficient diligence, there was no error in overruling same.

Appeal from the District Court of Chambers. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Pickett,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for passing as true a forged instrument, the punishment being assessed at two years confinement in the penitentiary.

The indictment alleged that the appellant unlawfully and fraudulently passed as true to L. R. Miller the forged instrument set out. The instrument alleged to have been forged was a check drawn on the Chambers County State Bank, at Anahuac, Texas, for the sum of $19 and payable to the order of Horrah Pearkens. On the trial of the case L. R. Miller took the stand and testified that he was cashier of the Chambers County State Bank and that on the 4th day of September, 1909, the appellant passed the instrument or check in evidence upon him and that he cashed it and paid the appellant the sum of $19. The court directed the jury that if defendant passed said instrument as true to L. R. Miller, knowing at the time he passed the said instrument to said Miller that the said instrument was a forged instrument, then they would find defendant guilty. We find in the record a bill of exceptions to the effect that the said Miller having testified that he was the cashier of the Chambers County State Bank at the time, and that he accepted the check from the defendant in behalf of the Chambers County State Bank and that he paid the money out on the check from the bank's money, and when the State offered the check in evidence the appellant objected to same because the testimony showed that the check was not passed upon Miller as an individual, and that therefore there was a variance between the allegations of the bill of indictment and the check offered in evidence. Also, there is a bill of exception in the record to the refusal of the court to direct a verdict of not guilty in the case because of a variance between the proof and the indictment, in that the check was not passed upon Miller as an individual, but as cashier of the

bank. We are, therefore, confronted with this proposition: If a forged check is passed to an individual and the individual accepts the check, acting in a fiduciary capacity, is it necessary to allege the agency, and where the proof developed the agency would this be such a variance as would authorize an acquittal? We are of opinion that the question of capacity in which the individual acts in accepting the forged check is wholly immaterial. If appellant's contention were true, and the State should be required to disclose in the indictment the agency under which the party on whom the check was passed, then if this agency should be misdescribed in the bill of indictment there would be such a variance as would call for a direct verdict of acquittal. The pleader might be mistaken as to the character of agency. This would be bringing into the case an issue wholly immaterial. The indictment alleges that the appellant passed the instrument upon the witness Miller. What does it matter whether Miller was a clerk, or agent and was passing the money out for somebody else? This would not concern the appellant. This was not proof of a fact of which the appellant was required to have notice. This is also answered in another way. The statute says that the instrument must be passed with the intent to injure or defraud, but it is not necessary to allege or prove any particular party who was intended to be injured or defrauded. It was not necessary to prove that the bank was intentionally injured, or that Miller was intentionally defrauded, or the man whose name was purported to have been signed to the check. Hence, if it were not necessary to allege and prove the particular person intended to be injured, or defrauded, why should it be necessary to allege that the money paid out on the forged instrument did not belong to the person on whom the instrument was passed? Then it not being necessary to allege who was intended to be defrauded it becomes wholly immaterial as to the capacity in which the party on whom the instrument was passed, whether agent or individual, acted. A question somewhat similar to this came before this court in the case of Huntly v. State, reported in the 34 S. W. Rep., 923. In that case the indictment alleged that the forged check was passed on Hurst. The evidence showed that Hurst was a member of the firm of E. M. Kahn & Company; that M. W. Poundstone was a clerk of E. M. Kahn & Company; the defendant purchased a pair of pants from Poundstone, and delivered to him a $20 check. Poundstone handed the check to Hurst, Hurst accepted the check, retained $4 for a pair of pants purchased and gave $16 to Poundstone to deliver to the defendant. This check turned out to be a forgery. Hurst testified that the cashier was out at the time and that Hurst was acting as temporary cashier. Hurst further testified that he was the only one in the store authorized to take the check. The court says: "It may be that in this case the evidence is sufficient to sustain the allegation in the indictment that there was a passing upon Hurst. But that is not the question here; there was proof raising a different phase

of the case. Appellant excepted to the charge of the court on the subject, and requested a charge to the jury covering his defense." This charge was refused by the court and for that reason the case was reversed. Judge Davidson, while concurring in the reversal of the ·case, uses this language: "The indictment alleges the passing upon Hurst, whereas all the evidence shows the passing of the instrument was upon Poundstone. This offense is complete when the instrument was passed upon Poundstone, the intent to defraud being shown. Offering with intent to defraud has been held to constitute an uttering, although there be no acceptance. . . . Of course, the intent to defraud is an essential element in this offense, but not necessarily the party upon whom it is passed or to whom it is offered. It is sufficient if the intent is to defraud any person." It is true that in that case the question as to whether Poundstone was the agent for Kahn & Company or not is not raised, but the reasoning of the court is against appellant's contention. It is not necessary, as before stated, to allege that a party to whom the instrument is passed, or to whom it is offered was intended to be injured or defrauded. It was neither necessary to allege nor prove this. We, therefore, are of opinion that to require an allegation of this sort to meet this character of proof would be placing upon the State an unnecessary burden fraught with difficulties and such embarrassments that would make it difficult to ever prove a case of forgery.

We find in the record a bill of exceptions to the effect that when the witness Miller was on the stand he was asked the question as to whether the bank was incorporated. This was objected to because there was no allegation of incorporation in the bill of indictment. This error, if error at all, was wholly immaterial and could not have injured the appellant.

The application for continuance as disclosed by defendant's bill of exception is without merit in that it fails to show sufficient diligence.

Finding no error in the record the judgment is affirmed.

*Affirmed.*