## JOE WALKER v. THE STATE.

### No. 1290. Decided November 1, 1911.

**1.—Assault to Murder—Charge of Court—Provoking Difficulty—Self-Defense.**

Where, upon trial of assault with intent to murder, the evidence raised a clear-cut issue of self-defense, and also that of provoking the difficulty, the issue of self-defense should have been submitted by an independent charge of the court, and where the court failed to do so, it was reversible error; especially where the court's charge was burdened with the State's theory of provoking the difficulty.

**2.—Same—Evidence—Declaration of Third Parties.**

Upon trial of assault to murder it was reversible error to admit testimony that the alleged injured party had been appointed constable and was authorized to carry a pistol, the defendant having no notice thereof and such appointment not having in fact occurred.

**3.—Same—Continuance—Practice on Appeal.**

Where the case is reversed upon other grounds, the question of the motion for continuance need not be considered.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and one month confinement in the county jail.

The opinion states the case.

*Crosby, Hamilton & Maxwell* and *C. E. Sheppard,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of court's charge on self-defense: Sullivan v. State, 31 Texas Crim. Rep., 486.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under an indictment charging him with assault with intent to murder, and convicted of aggravated assault, his punishment being assessed at a fine of $25 and one month in the county jail.

The State's contention was that Young, a friend of appellant, and appellant were in a store when the alleged injured party, Bertram, entered; they had just finished eating some canned goods, and had stepped up to the proper place to make payment for their purchases. Bertram, under the State's theory, passed between them, going in the direction of the rear end of the store, when Young pushed against him. This brought up a difficulty, and followed by Young, Bertram retreated towards the rear of the store. Bertram reached for his pistol and appellant entered the difficulty with a knife that was used in the store for cutting cheese, and inflicted two or three wounds on Bertram's head by striking him on the head with the knife. Appellant's theory of the case was that appellant and Young had finished eating their lunch and had stepped back when Bertram came in and pushed Young against appellant and thus brought on the difficulty; that

Bertram pulled his pistol upon Young and appellant went to Young's rescue, engaged in the conflict, Bertram getting his pistol, appellant using the knife, and the evidence of appellant indicates that the knife was used as a bludgeon in striking Bertram over the head. After this ceased Bertram fired his pistol several times, one shot going through the breeches leg of Young.

The court charged the jury with reference to provoking the difficulty on the part of Young, and that under those circumstances if appellant engaged in the difficulty, he would not be entitled to self-defense. The court's charge submitting self-defense is sharply criticised in a bill of exceptions, motion for new trial and in his brief. The charge is as follows: "If you believe from the evidence in this case that at the time the defendant struck Willie Bertram with the cheese knife, if he did, said Bertram was making a demonstration as if to draw a pistol, and from his said acts, if any, or his acts coupled with his words, if any, at the time it reasonably appeared to the defendant that he or Jack Young was in danger of death or serious bodily injury at the hands of the said Willie Bertram and that he struck him to protect either himself or the said Jack Young against such danger or apparent danger then he would be guilty of no offense, and if you so believe you should acquit him, and in passing upon this issue you must judge the facts and circumstances of the case from the standpoint of the defendant at the time he acted, and if you have a reasonable doubt as to whether he acted in self-defense or in defense of Jack Young you should acquit him, unless you further believe from the evidence beyond a reasonable doubt that the said Jack Young provoked the difficulty with the said Willie Bertram with the specific intent to take the life of the said Willie Bertram, or to do him some serious bodily injury and that the defendant was present and knew the intent and purpose, if any, of the said Jack Young and knew that he had thus provoked the difficulty, if he did, and if you so believe from the evidence beyond a reasonable doubt you are instructed that the defendant would not be permitted to justify himself on the ground of the defense for his friend, Jack Young. But if the said Jack Young did not provoke said difficulty with the intent to take the life of or to do serious bodily injury to the said Bertram; or if he so provoked the difficulty with such intention, but same was unknown to defendant, then his right to defend the said Young would not be forfeited and he could stand his ground and defend the said Young by the use of such means of defense as the facts and circumstances indicated to be necessary to protect said Young from danger, or what reasonably appeared to the defendant at the time to be danger. And if you believe from the evidence beyond a reasonable doubt that the said Young provoked the difficulty with Bertram with the intent to take his life or do him some serious bodily injury, and if you further believe that the said Joe Walker knew that the said Young provoked said difficulty, if he

did, and knew his intent was to kill or do serious bodily injury, if any such intent he had, and if during the difficulty between Young and Bertram, if any, under such circumstances, the said Joe Walker with a deadly weapon and with malice aforethought assaulted the said Willie Bertram with the specific intent to kill, then he would be guilty of an assault to murder. . . ." Then follows a charge upon the theory that if Young provoked the difficulty not for the purpose of killing, upon malice aforethought, then they might convict of aggravated assault. Nowhere does the court instruct the jury that they would be authorized to acquit upon the ground of self-defense unaccompanied by the provocation. We understand the law to be that wherever there is a clear-cut issue of self-defense, and one of provoking the difficulty, relied upon by the State to meet the issue of self-defense, the appellant's theory must be given independent of the question of provoking the difficulty. The court may, and should, in a proper case, give a charge to the jury on provoking the difficulty, where that issue is raised against appellant's theory of self-defense, but where the appellant denies the issue of provoking the difficulty, self-defense should be given, unfettered by a charge on provoking the difficulty. This was not done in this case. There were two issues, as before stated, one on the part of the State that Young provoked the difficulty by pushing against Bertram and that appellant subsequently joined him in the difficulty, thereby putting Young and appellant in the wrong about the difficulty. The other theory was by the appellant, and quite a lot of testimony was introduced to sustain it, that Bertram provoked the difficulty by pushing Young, and that Bertram was the aggressor in the fight from the beginning to its end. As before stated, the court was justified in submitting the issue of provoking the difficulty by Young and also by appellant, if appellant joined Young in the difficulty, but appellant was entitled to a clear-cut charge, presenting his view of the case that Young did not provoke the difficulty and that Bertram did, and that what he, appellant, did was in the defense of Young from the attack of Bertram. The court ignored this phase of the law practically, and submitted the issue of self-defense burdened by the State's theory of provoking the difficulty. Having given this charge, the court should have charged the jury pointedly and affirmatively that if appellant did not provoke the difficulty, and that Bertram did, then his self-defense would be perfect. He had a right to have self-defense, under the facts of this case, submitted affirmatively to the jury, independent of the question of provoking the difficulty on the part of Young. Wherever there are two theories in a case, one favorable and the other unfavorable, if the unfavorable theory is given, then the favorable theory should be given. The jury should have the law applicable to every issue raised by the defendant which would tend to excuse or extenuate.

Another question is suggested for revision. A bill of exceptions recites that Brewer, constable of the precinct where this difficulty

occurred, was not at home on December 23, 1910, the date of the difficulty between the parties, but had gone to spend his Christmas holidays with his mother in Tennessee. The witness Bertram was permitted to testify that he saw Mr. Brewer prior to this difficulty and was told by him that he wanted him to serve as deputy constable; that he was going away to see his mother and wanted Bertram to serve while he was gone; that he also mentioned the fact that he was going to get others to serve. Bertram told him he would rather he would get some older man. Brewer told him he would consider that and see him later. On Wednesday before the difficulty on Friday night Brewer saw Bertram at the drug store in Reily Springs, and he said he did not see how he could get along without the witness; that he was going to appoint Jim Wilkerson and Prof. Dodson, and for him to keep himself in readiness in case he was needed. Before the admission of this testimony and when the witness was asked about the conversation, it was shown by him that defendant was not present at either time mentioned and that the witness was never appointed deputy constable by said Brewer, and that he had never informed either the defendant or Jack Young of said conversation before the time of the difficulty nor at the time thereof. Various objections were urged to this testimony by appellant, among others, that it was hearsay, and a conversation occurring between parties at a time and place when and where the defendant was not present. The conversation was not binding on the defendant, immaterial, irrelevant and prejudicial to him before the jury and did not tend to show a legal appointment of the witness as deputy constable, nor to authorize him to carry on his person a pistol, and because such evidence disclosed to the jury a motive on the part of Bertram, the alleged assaulted party, for having on his person a pistol on the night of the difficulty and at the time thereof that was not disclosed to the defendant, and for those reasons was inadmissible as prejudicial to his rights to defend from appearances of danger from his standpoint and from the facts as known to him to exist, and not from what motive really controlled or was disclosed to the jury through such evidence. The judge overruled all these objections, admitted the testimony and thus explains the bill: "This testimony was admitted for the purpose of showing a motive on the part of the defendant and Jack Young, who was acting with him, for making the assault on the witness Bertram. The proof showed that this witness, Bertram, had served as deputy constable of his precinct, on different occasions, prior to the time of the difficulty. The theory of the State was that the appointment and services of the witness, as such officer, were displeasing to the defendant and Jack Young, and because he was serving, at the time of the assault, as such officer, was one of the reasons that provoked them to assault him. That they knew he was acting in such capacity may be gathered from the fact that they were inquiring of the witness, John McKay, a few months before the diffi-

culty, if Bertram was a deputy constable, and from the further fact that, according to the testimony of some of the witnesses, at the beginning of the difficulty, Young told Bertram that 'he was not afraid of him if he was a little constable with a pistol.' The proof further showed that while this witness was not legally appointed deputy constable at this time, yet he had been requested by the constable to act in such capacity." Under the authorities Bertram had no right to carry a pistol and could not be thus appointed. Under our authorities he was guilty of carrying a pistol in violation of the law, and as a matter of fact, he was not appointed, under his own testimony, such deputy constable by Brewer. All this occurred in the absence of the defendant, and the witness not only failed to show that appellant knew of it, but shows that it was done in his absence and that he was not aware of it. In order to bind appellant in matters of this sort, or any fact that tends to show motive or reason for the difficulty, the facts must be known to the defendant in some way or brought to his attention. The authorities are, we think, uniform in holding that hearsay statements and declarations by third parties, unknown to the defendant, would not be admissible against him to prove motive on his part.

There is another bill of exceptions reserved to the action of the court refusing his application for a continuance. We deem it unnecessary to discuss that, in view of the fact that the case is reversed upon the other questions. Upon another trial the attendance of the absent witness can be secured.

For the reasons indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*