## J. M. RAYBURN v. THE STATE.

### No. 4513.   Decided October 3, 1917.

#### Live Stock—Sanitary Laws—Indictment—Rule of Sanitary Commission.

Where defendant's violation of the law could be predicated only upon a violation of some rule of the Live Stock Sanitary Commission, and the complaint and information contained no allegation that any such rule had been made or promulgated, the pleading was insufficient. Following Wallace v. State, 44 Texas Crim. Rep., 300.

Appeal from the County Court of Taylor. Tried below before the Hon. E. M. Overshiner.

Appeal from a conviction of a violation of the live stock sanitary laws of the State; penalty, a fine of fifty dollars.

The opinion states the case.

*carborough & Davidson,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This prosecution is for violation of the live stock sanitary laws of the State. See Acts of the Thirty-third Legislature, regular session, chapter 169; Vernon's P. C., vol. 1, arts. 1284a to 1284h.

There are several counts in the indictment, all charging failure on the part of appellant to vaccinate his hogs for hog cholera. The Act does not in terms command him to do so but attempts to authorize the Live Stock Sanitary Commission "To prescribe methods for dipping and otherwise treating or disinfecting the premises or live stock, article 1284c." A penalty is provided in article 1284f "for violating any of the provisions of the Act or any of the rules and regulations prescribed by the Live Stock Sanitary Commission"; and in article 1284g is prescribed the penalty for one "who shall fail or refuse to dip or otherwise treat such live stock at such time and in such manner as directed by the Live Stock Sanitary Commission."

Various questions as to the validity of this statute were raised, but

being unnecessary to the disposition of the case, will not be discussed, especially in view of the fact that the Thirty-fifth Legislature, chapter 60, enacted a new law on the subject.

As the law did not in terms require appellant to vaccinate his hogs his prosecution could be predicated only upon violation of some rule of the Live Stock Sanitary Commission, and the complaint and information containing no allegation that any such rule had been made or promulgated the prosecution must fail for want of sufficient pleadings. This court in Wallace v. State, 44 Texas Crim. Rep., 300, 69 S. W. Rep., 506, held a similar complaint bad, and in so doing, we think, followed a well established rule of law.

The judgment of the lower court is reversed and the prosecution ordered dismissed because of the insufficiency of the pleadings.

*Reversed and dismissed.*