CATES v. STATE.　(No. 598I.)

(Court of Criminal Appeals of Texas.　Jan. 26, 1921.　Rehearing Denied March 2, 1921.)

1. Homicide ☞166(8) — Will of deceased's wife devising estate to defendant held inadmissible.

In prosecution for murder where there was testimony that defendant and deceased's wife had been guilty of illicit relations, and where the wife had died shortly after the husband had been killed, wife's will made subsequent to the commission of the crime, at a time when the defendant was in jail, devising a large portion of her estate to the defendant, held inadmissible.

2. Criminal law ☞1099(5) — Statement of facts not filed during trial term not considered on appeal.

Statement of facts introduced upon motion for new trial on the ground of newly discovered evidence, where not filed during the trial term, will not be considered by the Court of Criminal Appeals under Vernon's Ann. Code Cr. Proc. 1916, art. 845.

3. Criminal law ☞1090(11)—Alleged misconduct not considered unless presented by bill of exceptions.

Alleged misconduct occurring while a witness was testifying will not be considered by Court of Criminal Appeals unless presented by bill of exceptions.

Appeal from District Court, Crosby County; W. R. Spencer, Judge.

Sam Cates was convicted of murder, and he appeals. Reversed and remanded.

W. E. Huffhines, of Pilot Point, and Lloyd A. Wicks, of Ralls, for appellant.

Gordon B. McGuire, Dist. Atty., of Lamesa, and Walace Hawkins and Alvin M. Owsley, Asst. Attys. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Crosby county of the offense of murder, and his punishment fixed at confinement in the penitentiary for a period of 99 years.

In our view of the disposition of this case, an extended statement of the' facts is not necessary. Appellant had been an inmate of the home of deceased for some years in the capacity of chauffeur, and it appears from the testimony of a number of witnesses that he and the wife of deceased were guilty of illicit relations. On the occasion of the homicide, deceased was twice shot by appellant, who used a shotgun, causing almost instant death. The theory of appellant upon the trial was that the shooting was in defense of the wife of deceased against an assault then being made upon her by her husband.

[1] During the trial the state was permitted to introduce in evidence certain portions of a will made by the wife of deceased. It appears from the record that Mrs. Burton, the wife of the deceased, died not very long after her husband was killed by the appellant, and that after the homicide, and at a time when the appellant was in jail, she made a will in which she devised to the appellant a large portion of 'her property. Those parts of said will so bequeathing said property to him were introduced upon said trial over the objection of appellant, and this action of the trial court is here assailed as erroneous. We think the objection to same should have been sustained.

As stated above, appellant was in jail at the time the will was made, and no connection on his part with the making of said will appears anywhere. As far as he was concerned, it was the act and declaration of a third party out of his presence and hearing, occurring subsequent to the homicide. We will not speculate as to the effect of such evidence further than to say that it cast no legitimate light upon the homicide, and that its hurtful influence upon the jury must be manifest. The state believed it material and insisted on its introduction. Walker v. State,

---

63 Tex. Cr. R. 499, 140 S. W. 455. We apprehend the evidence was admitted upon the theory of conspiracy between the wife of deceased and appellant, but we find nothing in the record which indicates any acting together between said persons in the taking of the life of deceased, but if such theory be plausible, we have never held admissible the acts and declarations of coconspirators made subsequent to the commission of the crime charged when same were out of the presence of the accused, except in those cases where the crime under prosecution was a part of a chain of events comprehended by the conspiracy, which was not yet ended at the time of the act or declaration complained of; and also such act or declaration, to be admissible, must have been done or stated in pursuance on the purposes of said conspiracy. As far as we are able to observe, none of these considerations appear as supporting the admissibility of any part of said will.

[2] The only other bill of exceptions appearing in the record is to the court's action in overruling the motion for a new trial, one ground of which was that of newly discovered evidence. So much of said motion as referred to newly discovered evidence was controverted by the district attorney, as the statute provides, and evidence was heard by the trial court upon the issue thus joined. We find in the record what purports to be a statement of the facts introduced upon said hearing, but as said statement was not filed in the trial court until August 18, 1920, and the term of court at which appellant was tried adjourned May 22, 1920, this court cannot consider the statement of the facts introduced upon the hearing of said motion. We have always held that such statement must be filed during the trial term. See page 833, Vernon's C. C. P., and authorities cited.

[3] There is an objection raised in appellant's brief to some conduct which is said to have occurred during the trial and while the witness Miss Steffens was testifying; but, as the same is not here presented by a bill of exceptions, we cannot pass upon this matter.

It is also contended that the evidence does not support the verdict. We cannot agree to this, but forego a discussion of the facts in view of another trial.

For the error indicated, the judgment is reversed and the cause remanded.

#### On Motion for Rehearing.

The state again urges the admissibility of that part of Mrs. Burton's will devising property to appellant, the sole theory being that such act creates the presumption of a conspiracy between herself and appellant to kill deceased. It is admitted that appellant was in jail at the time and knew nothing of the making of such will. If, under the same circumstances as attended the making of said will, Mrs. Burton had made a complete written confession of complicity with appellant in the killing of her husband, it would have been held inadmissible as against this appellant. If a direct admission of their acting together, made by her, could not be used to establish appellant's guilt, the indirect method of inference or deduction from some other written statement of hers, made after the homicide and not in the presence of appellant could have no greater standing as evidence nor be any more competent.

Under this record said will was inadmissible, and the motion for rehearing will be overruled.