# MARCH, 1921.

Sam Gates v. The State.

No. 5981.    Decided March 2, 1921.

1.—Murder—Evidence—Acts of Third Parties—Will—Conspiracy.

Where, upon trial of murder, the evidence showed that defendant and wife of deceased were guilty of illicit relations, but defendant claimed that the killing was in defense of deceased's wife, against an assault, and there

was no testimony of a conspiracy between said wife of deceased and defendant, to bring about the death of the deceased, it was reversible error to permit the State to introduce in evidence certain portions of the will made by the wife of the deceased, who died not very long after her husband was killed, and made the will in the absence of defendant who was in jail at the time for the killing of defendant, said parts of the will bequeathing a portion of the property of the wife of deceased to the defendant. Following Walker v. State, 63 Texas Crim. Rep., 499.

**2.—Same—Motion for New Trial—Newly Discovered Evidence—Statemenot of Facts.**

Where, the statement of facts of testimony introduced upon the hearing of a motion for new trial, because of newly discovered evidence, was not filed in the trial court until after the adjournment of said court, the same cannot be considered on appeal.

**3.—Same—Evidence—Bill of Exceptions.**

Where the testimony objected to was not reserved in the bill of exceptions, same cannot be considered on appeal.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence was sufficient to sustain the conviction of that offense, the same will not be disturbed on appeal.

**5.—Same—Rehearing—Evidence—Will of Wife of Deceased—Conspiracy.**

If, under the same circumstances as attended the making a certain will by the wife of the deceased, she had made a complete, written confession of complicity with defendant in the killing of her husband, it would have been held inadmissible against the defendant, and there was therefore no error in excluding said will which was made after the commission of the offense in the absence of the defendant without proof of any previous conspiracy, and which can throw no light on the transaction.

Appeal from the District Court of Crosby. Tried below before the Honorable W. R. Spencer.

Appeal from a conviction of murder; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*W. E. Huffhines* and *Lloyd A. Wicks,* for appellant.—On question of introducing will of wife of deceased: Menges v. State, 9 S. W. Rep., 49; Brookser v. State, 10 id., 219; Jump v. State, 11 id., 461; Price v. State, 40 id., 596; Landers v. State, 63 id., 557; Phillips v. State, 6 Texas Crim. App., 364; Estep v. State, 9 id., 366.

*Wallace Hawkins,* Assistant Attorney General, for the State.—On question of introducing will: Gracy v. State, 121 S. W. Rep., 706.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Crosby County of the offense of murder and his punishment fixed at confinement in the penitentiary for a period of ninety-nine years.

In our view of the disposition of this case, an extended statement of the facts is not necessary. Appellant had been an inmate of the home of deceased for some years in the capacity of chaffeur and it appears from the testimony of a number of witnesses that he and the wife of deceased were guilty of illicit relations. On the occasion of the homicide deceased was twice shot by appellant who used a shotgun causing almost instant death. The theory of appellant upon the trial was that the shooting was in defense of the wife of deceased against an assault then being made upon her by her husband.

During the trial the State was permitted to introduce in evidence certain portions of a will made by the wife of deceased. It appears from the record that Mrs. Burton, the wife of the deceased, died not very long after her husband was killed by the appellant, and that after the homicide and at a time when the appellant was in jail she made a will in which she devised to the appellant a large portion of her property. Those parts of said will so bequeathing said property to him, were introduced upon said trial over the objection of appellant and this action of the trial court is here assailed as erroneous. We think the objection to same should have been sustained.

As stated above, appellant was in jail at the time the will was made and no connection on his part with the making of said will appears anywhere. As far as he was concerned it was the act and declaration of a third party out of his presence and hearing, occurring subsequent to the homicide. We will not speculate as to the effect of such evidence further than to say that it cast no legitimate light upon the homicide, and that its hurtful influence upon the jury must be manifest. The State believed it material and insisted on its introduction. Walker v. State, 63 Texas Crim. Rep., 499. We apprehend the evidence was admitted upon the theory of conspiracy between the wife of deceased and appellant but we find nothing in the record which indicates any acting together between said persons in the taking of the life of deceased, but if such theory be plausible, we have never held admissible the acts and declarations of co-conspirators made subsequent to the commission of the crime charged when same were out of the presence of the accused, except in those cases where the crime under prosecution was a part of a chain of events comprehended by the conspiracy, which was not yet ended at the time of the act or declaration complained of; and also such act or declaration to be admissible, must have been done or stated in pursuance of the purpose of said conspiracy. As far as we are able to observe none of these considerations appear as supporting the admissibility of any part of said will.

The only other bill of exceptions appearing in the record is to the Court's action in overruling the motion for a new trial; one ground of which was that of newly discovered evidence. So much of said motion as referred to newly discovered evidence was controverted by the district attorney, as the statute provides, and evidence was heard by the trial court upon the issue thus joined. We find in the record what

purports to be a statement of the facts introduced upon said hearing, but as said statement was not filed in the trial court until August 18, 1920, and the term of court at which appellant was tried adjourned May 22, 1920, this court cannot consider the statement of the facts introduced upon the hearing of said motion. We have always held that such statement must be filed during the trial term. See Page 833, Vernon's C. C. P., and authorities cited.

There is an objection raised in appellant's brief to some conduct which is said to have occurred during the trial and while the witness, Miss Steffens, was testifying; but as the same is not here presented by a bill of exceptions, we cannot pass upon this matter.

It is also contended that the evidence does no support the verdict. We cannot agree to this, but forego a discussion of the facts in view of another trial. For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

March 2, 1921.

LATTIMORE, JUDGE.—The State again urges the admissibility of that part of Mrs. Burton's will devising property to appellant, the sole theory being that such act creates the presumption of a conspiracy between herself and appellant, to kill deceased. It is admitted that appellant was in jail at the time and knew nothing of the making of such will. If, under the same circumstances as attended the making of said will, Mrs. Burton had made a complete written confession of complicity with appellant in the killing of her husband it would have been held inadmissible as against this appellant. If a direct admission of their acting together, made by her could not be used to establish appellant's guilt the indirect method of inference or deduction from some other written statement of hers made after the homicide and not in the presence of appellant could have no greater standing as evidence nor be any more competent.

Under this record said will was inadmissible and the motion for rehearing will be overruled.

*Overruled.*