1. **Criminal law ⬳1141(2), 1163(3)—Burden on appellant to show that admission of evidence was wrongful and harmful.**

In a criminal prosecution the burden is on the defendant appealing to show that a ruling admitting evidence was erroneous and harmful.

2. **Criminal law ⬳1144(12)—Presumption in favor of trial court's ruling on admission of evidence held not negatived.**

In a prosecution for assault with intent to murder, a bill of exceptions reciting that, over objection that it was immaterial, irrelevant, and prejudicial, it was brought out on cross-examination that defendant some time before the difficulty was in company with a negro under indictment for swindling, but that the negro was not a party to the difficulty or connected with it, does not show that the ruling was wrong and harmful, though the statement of facts disclosed that the testimony was not used; for the mere fact that the negro was not present at the difficulty did not negative the presumption in favor of the trial court's ruling that it was material to determine where defendant was at the time and place mentioned.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Ed Mucker was convicted of assault with intent to murder, and he appeals.  Affirmed.

Farmer & Farmer, of Waco, for appellant. R. H. Hamilton, Asst. Atty. Gen., for the State.

MORROW, P. J.  Conviction is for assault with intent to murder.  Punishment is fixed at confinement in the penitentiary for five years.

The indictment complies with the law. The evidence is quite sufficient.  No complaint of the charge of the court is found.

The only bill of exceptions appearing is one in which objection was reserved to proof by appellant, on cross-examination, that some time before the difficulty, he was in company with a negro by the name of Theo Graves, and that Graves was under indictment for swindling.  The evidence is objected to as immaterial, irrelevant, and prejudicial, and tends to bring the appellant into disrepute; and the bill recites that Graves was not a party to the difficulty nor connected with it.

[1, 2] The court having admitted the testimony, as shown by the bill, the burden is upon the appellant to show that the ruling was wrong and harmful.  This burden is not discharged by the recital of the bill.  The fact that Graves was not present at the difficulty or did not take part therein does not negative the presumption that in the development of the case it did become material to determine whether the appellant, at the time and place mentioned, was in company with the negro of the name and description referred to in the bill.  The harmful effect of it is not revealed by the bill.  Looking to the statement of facts, which is agreed to, it appears that the testimony described in the bill was not used against the appellant.  In the absence of more information concerning the matter, we might infer that the court, after having admitted the testimony, excluded it.  At all events, the bill does not overcome the presumption in favor of the correctness of the court's ruling in admitting testimony.  See Branch's Ann. Tex. Penal Code, § 210.

Finding no error authorizing a reversal, the judgment is affirmed.

---

## GUMPERT v. STATE.  (No. 6161.)

(Court of Criminal Appeals of Texas.  March 16, 1921.)

**Criminal law ⬳1086(13)—Appeal dismissed because record contains no sentence.**

An appeal from a criminal conviction may be dismissed because the record contains no sentence.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

L. W. Gumpert was convicted of forgery, and he appeals.  Appeal dismissed.

James E. Yeager, of Waco, for appellant. C. M. Cureton, Atty. Gen., and C. L. Stone, Asst. Atty. Gen., for the State.

LATTIMORE, J.  Appellant was convicted of forgery in the district court of McLennan county, and his punishment fixed at confinement in the state penitentiary for a term of two years.

The state makes a motion to dismiss this appeal because the record contains no sentence.  An inspection of the same shows that the motion is well taken.  Said motion is sustained, and the appeal dismissed.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes