## LEON DUNCAN v. THE STATE.

### No. 6549.   Decided January 4, 1922.

**1.—Passing Forged Instrument—Date—Rule Stated.**

Upon trial of passing a forged instrument, the offense is complete even though the alleged forged instrument bears no date, and the exception that the said instrument was without a proper date is therefore not well taken. Following Bales v. State, 13 Texas Crim. App., 657, and other cases.

**2.—Same—Possession—Ownership—Variance—Actual Possession.**

Where, upon trial of passing a forged instrument, it was alleged that the instrument was passed on the agent of the owner who was his employee at the time, and who was in actual possession of the alleged goods which were taken, a complaint as to variance, ownership and possession is not well taken.   Following Heimes v. State, 59 Texas Crim. Rep., 420, and other cases.

**3.—Same—Indorsement—Indictment—Evidence.**

That the check offered in evidence had thereon indorsements which did not appear in the description of the check in the indictment, could not be valid ground of objection to the introduction of the check.   Following McGee v. State, 63 Texas Crim. Rep., 68, and other cases.

**4.—Same—Intent to Injure or Defraud—Insufficiency of the Evidence.**

Where, upon trial of passing a forged check, the defense evidence showed that defendant's act was without intent to injure or defraud, he would not be guilty of said offense, and the court should have submitted a requested charge on this phase of the case.   Following Feeny v. State, 58 Texas Crim. Rep., 152, and other cases.

**5.—Same—Affirmative Charge—Rule Stated—Requested Charges—Defensive Theory.**

There is no better settled proposition in our practice than that where there is a defensive theory, it should be submitted in the charge in an affirmative manner, and where a special charge is requested, submitting such defensive theory, it should be submitted to the jury unless it be substantially contained in the main charge of the court.   Following Martin v. State, 57 Texas Crim. Rep., 264, and other cases.

**6.—Same—Sufficiency of the Evidence—Requested Charge.**

If the jury upon an affirmative presentation of appellant's defensive theory should find against him, this court would not be willing to say that their verdict was without support.

Appeal from the District Court of Fayette.   Tried below before the Honorable M. C. Jeffrey.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John T. Duncan,* for appellant.—On question of intent to defraud, etc., Whitmire v. State, 156 S. W. Rep., 1179; McKay v. State, 32 Texas Crim. Rep., 233; Fench v. State, 60 id., 432.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Fayette County of passing a forged instrument, and his punishment fixed at two years in the penitentiary.

Appellant's motion to quash the indictment was because of the fact that the instrument alleged to have been passed by him was without other date than 191—. In Bales v. State, 13 Texas Crim. App., 657, and Dixon v. State, 26 S. W. Rep., 501, we held this offense complete even though the alleged forged instrument bore no date. We think this correct, and that the motion was properly overruled.

Joel Weikel was a clerk for John Zwiener. The check in question was passed by appellant to Weikel from whom he obtained goods and money. The alleged passing was to Weikel. Because of the fact that the money and goods obtained actually belonged to Zwiener, the employer of Weikel, appellant asked an instructed verdict of not guilty. Its refusal was proper. An allegation that the passing was to A, and the proof showing him to be the clerk of B, constitutes no variance. Heimes v. State, 59 Texas Crim. Rep., 420; Strang v. State, 32 Texas Crim. Rep., 219.

That the check offered in evidence had thereon endorsements which did not appear in the description of the check in the indictment, would not be a valid ground of objection to the introduction of such check. The check was an ordinary bank check and was complete without the endorsements which need not be set out. McGee v. State, 62 Texas Crim. Rep., 358; Bader v State, 44 Texas Crim. Rep., 184; Beer v. State, 42 Texas Crim. Rep., 505.

. The only contention actually made and relied upon on behalf of appellant, was that his act in making and passing the alleged forged instrument was without intent to injure or defraud. He took the witness stand and admitted signing Nollkamper's name to the check, and that he passed it to Weikel. Appellant is a negro. He had worked for Nollkamper for five years, and was in his service at the time of the transaction alleged. It was Saturday and he asked his employer for money, but the latter had none and appellant went to town and drew the check in question for $20, signed Nollkamper's name thereto, passed it, got some money and some goods, and went back to Nollkamper's place. The forgery was discovered that afternoon and Mr. Nollkamper was notified. He took appellant with him and went to town where he paid off the check. Appellant continued working for Mr. Nollkamper up to the time of the return of the indictment herein. Mr. Nollkamper testified: "Yes I paid off that twenty dollar check.

Yes, after he come and explained to me how he come to draw the check, I went and paid it off, and he worked it out. Yes, at the time he told me . . . that he did not intend to swindle me out of the money, but he wanted to get the money and would pay me back, that is what he told me." In another part of his testimony this witness said: "He told me that when he drew the check he thought it would be all right, and he intended to work it out; when I paid the check, he said he wanted to work it out. He told me first when he made my name he thought it would be all right, he told me that. But it was not all right for him to sign my name to the check. Sure, I afterwards paid it off, after I understood how it was, and he worked it out. He made no attempt to run away." We also find in the statement of facts proof that at some other time, the date not appearing, appellant had signed Nollkamper's name to another check and gotten goods and apparently money, which transaction resulted in the goods being returned and Nollkamper paying to the party who had cashed this check the amount of money obtained.

If appellant, because of prior similar dealings, or because of the relations between him and his employer, or for any reason, believed his making and passing this check would be accepted and ratified by his employer;—in other words, if for any reason his act was without intent to injure and defraud, he would not be guilty herein. He was entitled to an affirmative presentation of this issue to the jury. While the intent to injure and defraud is not named as a specific element of passing a forged instrument in Article 937, Vernon's P. C., it is required that the accused knowingly pass an instrument in writing which has been made with intent to injure and defraud, and this element of the offense should not be ignored in the charge, and was not in the charge in the instant case. Thurmond v. State, 25 Texas Crim. App., 370; Feeny v. State, 58 Texas Crim. Rep., 152; Riley v. State, 44 S. W. Rep., 499; Williams v. State, 32 S. W. Rep., 544. Perhaps there is no better settled proposition in our practice than that where there is a defensive theory, it should be submitted in the charge in an affirmative manner, and this is now imperative in a proper case where a special charge affirmatively submitting such defensive theory is requested, unless such affirmative presentation substantially appear in the main charge. Martin v. State, 57 Texas Crim. Rep., 264; Walker v. State, 63 Texas Crim. Rep., 499; Porter v. State, 48 Texas Crim. Rep., 301; Art. 737, Vernon's C. C. P. In the instant case the court, as applicable to the facts, only gave the following charge:

"If you believe from the evidence, beyond a reasonable doubt, that the defendant, Leon Duncan, in the County of Fayette, and State of Texas, on or about the 30th day of November, A. D., 1920, did, knowingly and fraudulently pass, as true, to one Joel Weikel, the instrument described in the indictment, with intent to defraud, and you further believe from the evidence, beyond a reasonable doubt, that said written instrument was forged, and was made without the authority of Chas.

Nollkamper, and that the defendant then and there knew that said written instrument was forged, then you will find the defendant guilty, as charged in the indictment, and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than five years. If you do not so believe from the evidence, beyond a reasonable doubt, you will acquit the defendant."

Appellant requested a special charge stating, in substance, that the intent to injure and defraud was the gist of this offense, and that though the jury may have believed that appellant signed the name of his employer to the check and passed it, yet unless they believed from all the evidence that he intended to injure or defraud either his employer or the party to whom it was passed, then appellant was entitled to a verdict of not guilty. While this charge might have been worded differently, we believe it presented a correct principle and was an affirmative presentation of the only defensive theory raised by the evidence. Regardless of the fact that appellant did sign Mr. Nollkamper's name to the check, and did pass it, if the jury believed that he was without intent to injure and defraud in the matter, they should have acquitted him, and there is no question in our minds but that a charge affirmatively presenting this issue should have been given, and said special charge sufficiently presented same to make its refusal error.

Appellant strenuously insists that the evidence is not sufficient to support the judgment on this point. We are unwilling to take to ourselves the task of deciding this question. If the jury upon an affirmative presentation of appellant's defensive theory should find against him, we would not be willing to say that their verdict was without support.

For the error of the trial court in refusing to present such issue to the jury, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*