### Jim Copeland v. The State.

#### No. 7316.  Decided March 21, 1923.

**1.—Manufacturing Intoxicating Liquor—Evidence—Res Gestae—Declarations of Defendant.**

Where, upon trial for the unlawful manufacture of intoxicating liquor, the evidence showed that the officers found a still in appellant's house and about eight gallons of whisky, and the manufacture of liquor in progress, and the brother-in-law of defendant at the time of the arrest of defendant, himself and another, and the finding of said still declared that the still and liquor were his, and that defendant and the other had nothing to do with the liquor or the still, but were only hired hands whose duties were connected with the farm only, this declaration should have been admitted in evidence as *res gestae*, and its refusal was reversible error.

**2.—Same—Requested Charge—Defensive Theory.**

Where, upon trial of the unlawful manufacture of intoxicating liquor, the testimony showed that defendant was but a hired hand of his codefendant, and was only permitted by the latter to live in the house in which the still was found, and that he took no part in the manufacture of the liquor, his requested charge to that effect should have been submitted.—Following Duncan v. State, 236 S. W. Rep., 468, and other cases.

Appeal from the District Court of Denton. Tried below before the Hon. C. R. Pearman.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary
The opinion states the case.

*Mays & Mays & F. M. Chaney* for appellant.—On question of declaration of codefendant: Henderson v. State, 229 S. W. Rep., 535; Davis v. State, 231 id., 784.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Denton County of the unlawful manufacture of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Drew Copeland owned a farm in Denton County on which he lived. In a tenant house not far from his residence lived appellant with his wife, appellant being a brother of Drew Copeland. Stanley and his wife were staying at the same place with appellant. On the occasion in question officers raided the premises about noon. They found a still in appellant's house and about eight gallons of whisky. The still was hot when the officers went in, its contents were bubbling and boiling. The officers arrested appellant, Stanley and Drew Copeland. The latter stated that the still and liquor were his, that appellant and Stanley had nothing to do with the liquor or the still, that they were hired hands whose duties were connected with the farm only. This statement was offered in evidence by appellant upon this trial. The State's objection was sustained and it was not admitted. This was error. The statement was unquestionably res gestae. The manufacture of the liquor was in progress, the State implicated each of the men named in such manufacture. Many cases might be cited upholding the proposition that acts and declarations made at the time, of all parties to a transaction are res gestae. Weatehrsby v. State, 29 Texas Crim. App. 278; Craig v. State, 30 Texas Crim. App. 619; Lewis v. State, 29 Texas Crim. App. 201; Fulcher v. State, 28 Texas Crim. App. 465; Testard v. State, 26 Texas Crim. App. 260.

If doubt existed as to whether Drew Copeland was a party to this transaction, which we do not think can exist as we understand this record,—still it has been often held that if statements of third parties are part of the transaction and go to illustrate the feelings, motives and acts of the principal actors, proof of same is admissible as part of the res gestae. Jeffries v. State, 9 Texas Crim. App. 603; Redman v. State, 149 S. W. Rep. 670; Pettis v. State, 150 S. W. Rep. 791; Smith v. State, 156 S. W. Rep. 215; Wynne v. State, 59 Texas Crim. Rep. 126.

That appellant was at the house when liquor was in process of manufacture, is plain. His defensive theory and explanation of the

94 T. C.—8

situation, supported by his testimony, was that he was but a hired hand on the farm of his brother making thirty dollars a month and being permitted to live in the house in which he was found, but that his brother had reserved and had control of the kitchen thereto. He testified that he and Stanley had been cutting wood all the morning and had come to the house for their dinner just prior to the appearance of the officers and that he had nothing whatever to do with the making of liquor. Bread, meat and coffee were cooking on the stove. Dinner was eaten by the officers with the family shortly after the raid. If the above theory of appellant was in fact true and supported by proof, he would not be guilty. He testified to it and presented. to the trial court a special charge submitting affirmatively the proposition involved in said defensive theory. The special charge was refused. The main charge nowhere submits such theory. The refusal of the special charge, or the failure to give the principle involved therein, was erroneous. It would be no defense that appellant was a hired hand if he was in fact making liquor, but his defense being that he made no liquor and that the still and the mash belonged to his brother who was present and then stated to the officers that such making and paraphernalia were in fact his, presented such circumstances as called for the giving of said special charge or one embodying an affirmative presentation of the issue made by appellant's testimony. Duncan v. State, 90 Texas Crim. Rep., 479, 236 S. W. Rep., 468. The case of Harrison v. State, 83 S. W. Rep., 699. discusses a somewhat similar proposition.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*