## HERBERT BATCHAN v. THE STATE.

### No. 9861.  Delivered May 19, 1926.

**1.—Murder—Evidence—Improperly Admitted.**

Where, on a trial for murder, the appellant defending on the ground of self-defense, and proving that deceased had a stick, a part of a buggy shaft, in his hand at the time of the shooting, and that on the morning of the homicide deceased had gone to a blacksmith shop and secured this buggy shaft, it was error to permit the state to prove by the blacksmith that boys in the stock business used such sticks for making whip-handles. Such fact not being shown to be within the knowledge of appellant, he would not be bound by it.  Following Cook v. State, 160 S. W. 465, and other cases cited.

**2.—Same—Evidence — Physical    Condition    of    Defendant — Improperly Excluded.**

Where, on a trial for murder, self-defense being relied upon by appellant, it was error to refuse to permit the appellant to prove that he was a physical wreck, was subject to epileptic fits at times, and that on account of said fits he was of a highly nervous temperament.  Following Wilkes v. State, opinion delivered February 17, 1926; Terrell v. State, 111 S. W. 153.

Appeal from the District Court of Newton County.  Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

This is a companion case to that of Frank Wilkes v. State, handed down February 17, 1926, a sufficient statement of the facts will be found in that case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder, and the punishment is fifteen years in the penitentiary.

This is a companion case to that of Frank Wilkes v. State, No. 9863, opinion handed down February 17, 1926.  A sufficient statement of the facts will be found in that case.

In the instant case as in that case the testimony shows that on the morning of the homicide deceased went to a blacksmith shop and got a stick—a part of a buggy shaft, and it also shows that such a stick was in his hand when the shooting occurred.  The issue of self defense was clearly raised by the testimony and was submitted by the court in his charge.. The testimony is entirely sufficient to raise the issue that appellant was defending against the use of the stick above described.

With the record in this condition, appellant preserves his objection to the court's action in permitting the state to ask the witness Bowden, the blacksmith, from whom the stick in question was procured by deceased on the morning of the homicide, the following question:

"What did the boys that dealt in the stock business generally use these sticks and spokes for?"

In response to this question the witness answered as follows:

"I presume they used them for whip handles, they told me on frequent occasions they made whip handles, they preferred hickory for that."

Under all the authorities in this state, this testimony was not admissible. There is no suggestion or pretense that appellant had any knowledge of the deceased's purpose in buying the stick in question. Almost the identical question has been before this court and it was held that proof as to why deceased bought a gun is not admissible when it is not shown that defendant had knowledge of such reason at the time of the homicide. Cook v. State, 160 S. W. 465. The doctrine has been frequently announced that when self defense is an issue and it is not shown that defendant had knowledge thereof prior to the homicide that proof that deceased armed himself for another purpose than to injure defendant is not admissible. Woodward v. State, 51 S. W. 1122. Nelson v. State, 58 S. W. 108. Bradley v. State, 60 Texas Crim. Rep. 402; 132 S. W. 488. Likewise it has been held that if self defense is an issue proof of conversations between others showing why defendant's adversary was armed is not admissible against defendant when knowledge thereof is not brought home to him. Dowell v. State, 58 Texas Crim. Rep. 482; 126 S. W. 874. Walker v. State, 63 Texas Crim. Rep. 499; 140 S. W. 455. Ponder v. State, 155 S. W. 245.

The testimony objected to was nothing more nor less than proof of a motive that was undisclosed to the appellant as to why deceased armed himself on the day of the homicide and under the authorities above cited, as well as many others that might be collated, it was not admissible in view of the fact that it impinged the appellant's right of self defense.

Another bill of exceptions discloses that the appellant offered to prove by the witness Russell that Herbert Batchan was a physical weakling and was subject to epileptic fits at times, and that on account of said fits he was of a highly nervous temperament. This testimony was objected to by the state

and was excluded by the court. The court in qualifying the bill says that no evidence that defendant had an epileptic fit at the time of the killing was introduced and further certifies that he was apparently a strong robust man and that such answers would not likely have been true and that such evidence would have been a conclusion of the witness. We know of no rule that would have made it necessary for the appellant to have actually had an epileptic fit at the time of the killing in order to justify the court in admitting proof as to his physical condition due to this malady, and we know of no rule of law that permits the trial court to exclude testimony on the ground that it would not likely have been true. Under our system this is a matter for the jury to determine. We are not in agreement with the court's holding that this testimony would have been a mere conclusion of the witness. The bill shows that the witness would have testified not as a conclusion but as a fact that the appellant was a physical weakling and was subject to epileptic fits at times and that on account thereof he was of a highly nervous temperament. The exact question was before this court in the case of Frank Wilkes v. State, No. 9863, opinion delivered February 17, 1926, and in that case, it was held that the testimony excluded presented a proper inquiry. Also see Terrell v. State, 111 S. W. 153.

For the errors above discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.