## C. Fleming v. The State.

No. 12893.   Delivered January 15, 1930.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 258.

The opinion states the case.

*Carney & Carney* of Atlanta, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is passing as true a forged instrument; the punishment confinement in the penitentiary for two years.

It was alleged in the indictment that the forged check was passed to Naylor's Cash Store.   Appellant made a motion to quash the

indictment on the ground that it was not alleged that Naylor's Cash Store was a partnership, individual or corporation. We are of the opinion that the motion was properly overruled. It would seem that the only purpose of naming Naylor's Cash Store was to correctly identify it and apprise appellant that he was charged with passing the forged instrument to said store.

Appellant admitted that he forged the check and that he passed it to Naylor's Cash Store. He said: "I am nineteen years old. I was in Atlanta on the date it was alleged the check was written and passed. I wrote the check. I passed it and got the money. I was in Atlanta and had some money coming. I was broke and I wrote a check and cashed it. Me and Clark. I was going to pay it back but they arrested me before my money came. Yes, Claude Clark and I were in Atlanta together. I was expecting my money to come in from Mrs. N. L. York, the mother of the other defendant. The money did not come in on Saturday. I don't know why it did not come. I intended to pay it back Monday. I thought that before the checks could get around to the bank I would have my money and pay them first. That is true, I thought that."

Appellant presented to the court a written requested instruction which read as follows:

"Gentlemen of the Jury: You are instructed that the gravamen of the offense with which the defendants are charged is the intent to injure and defraud. Wherefore you are instructed that even should you believe from the testimony that the defendant, C. Fleming, did pass as true the instrument alleged in the indictment yet if you further believe from the testimony that at the time he passed the same that he intended in good faith to repay the money he obtained from said check, or if you have a reasonable doubt as to this, then you will acquit both the defendants, C. Fleming and Doris York."

The refusal of the foregoing charge is complained of as error, it being urged that appellant's affirmative defense was embodied in said charge. The case of Duncan v. State, 236 S. W. 468, is relied upon. In that case the accused signed his employer's name to a check and passed it to a third party. He testified that he thought it was all right to do this and that he expected to give service to his employer for the sum of money he received on the check. After receiving the money, he went back to his employer's place where he continued to work up to the time of the return of the indictment. Upon learning that the check had been given, the employer of the accused paid the injured party the amount of money he had delivered

to accused. The trial court refused to instruct the jury to acquit the accused if they believed from the evidence that he did not intend to injure or defraud his employer or the party to whom he passed the check. This court held that such an instruction should have been given. Certainly if the accused believed that he had the right to sign his employer's name to the check there would have been no intention on his part to injure or defraud either his employer or the party to whom he passed the check. In the present case, as disclosed by the record, appellant signed the name of a fictitious person to the check he passed to Naylor's Cash Store. He admitted that he gave effect to the forged check. The rule seems to be that when the intention to give effect to a forged instrument is established, it is no defense that the party intended to pay the debt secured by the forged instrument, or to protect the injured party against harm. See Wharton's Criminal Law, Eleventh Edition, Volume 2, page 1147. We are unable to agree with appellant that the case of Duncan v. State, supra, supports his contention.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the indictment it is charged that the appellant passed a forged check for four dollars at Naylor's Cash Store. The indictment is assailed upon the ground that it is indefinite in failing to describe in more specific terms the recipient of the forged check. It is very plausibly argued that the term "Naylor's Cash Store" is not a very specific designation. Whether in an indictment charging the passing of a forged instrument it is necessary to state to whom the passing was made is a matter upon which the authorities in the various states of the Union are in conflict. This will be illustrated by the original and dissenting opinions in the case of State of Iowa v. Weaver, 128 N. W. 559, 31 L. R. A. (N. S.) 1046, which is accompanied by copious citations of cases in the notes. See also Ency. of Pleading and Practice, Vol. 9, p. 591; Bishop's New Crim. Proc., Vol. 3, p. 1506, sec. 447; 12 Ruling Case Law, p. 155, sec. 19. In this state, so far as the writer is aware, the sufficiency of an indictment omitting the averment mentioned has never been before the court. Willson's Crim. Forms,

4th Ed., p. 217, sec. 414, indicates that the averment should be made, and this seems to have been the practice in this state as is shown in Huntly v. State, 34 S. W. 923; Riley v. State, 44 S. W. 498; Lasister v. State, 94 S. W. 233; Morris v. State, 106 S. W. 384; Heimes v. State, 129 S. W. 124; Brown v. State, 158 S. W. 535.

In Riley's case, supra, it seems that the indictment charged the passage of a check to Charles Lowndes, who appears to have been the cashier of the First National Bank of Amarillo. The check was presented at the bank, but there a question of fact as to whether it was paid by Fuqua or by Lowndes, and the case was reversed because of the failure to submit that question to the jury. It is stated in the opinion by way of dicta that if the allegation had been that the check was uttered to the First National Bank of Amarillo, the averment would have been sustained by proof that it was cashed by either Lowndes or Fuqua. Persuasive of the accuracy of the views last expressed in the opinion mentioned are the following cases: Brown v. State, 60 Tex. Cr. R. 505; Reeseman v. State, 59 Tex. Cr. R. 430; Gumpert v. State, 229 S. W. 328. Upon investigation of the subject, the conclusion is stated that in this state it is necessary for an indictment charging the uttering of a forged instrument to contain an averment identifying the transaction (Peterson v. State, 25 Tex. Cr. App. 70), and that in the present instance the averment that the check was passed to Naylor's Cash Store was sufficient. The belief is also expressed that the commission of the offense is supported by proof that the check was passed to an employee or the owner of Naylor's Cash Store. For the purpose of such an indictment, Naylor's Cash Store would be treated as a business institution. Whether it be a corporation, partnership or the property of a single individual would necessitate no further averment than as above stated.

The other points raised in the motion have been fully discussed and properly disposed of in the original opinion.

The motion for rehearing is overruled.

*Overruled.*