PAUL E. PARKINS V. THE STATE.

No. 13288.   Delivered May 7, 1930.
Reported in 28 S. W. (2d) 137.

The opinion states the case.

*Davenport & Crain* of Wichita Falls, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, barratry; penalty, forty-five days confinement in the county jail and a fine of $250.00.

The indictment herein is under vigorous attack.   Omitting its formal parts, it charges that E. A. Martin, Paul E. Parkins and Wayland Keith "did then and there unlawfully by means of personal solicitation seek to obtain employment to prosecute in a Court of this State a claim of Lena E. McCarty by reason of the death of her husband, John A. McCarty, against the Mutual Benefit Health and Accident Association."

A proper bill of exception appears in the record to the refusal of the Court to quash this indictment for many reasons, only three of which we deem necessary to mention :

1st.   "It does not allege that the acts were done for profit or with the intent to distress or harass the party against whom employment was sought."

2nd.   "It is not alleged what kind of organization the Mutual Benefit Health & Accident Association is, whether a corporation, partnership or a mutual benefit association."

3rd.   "It does not state from whom the defendant sought to obtain employment."

In 1917 the barratry law was sweepingly changed.   Its terms now include any person who "shall seek to obtain employment in any

claim to prosecute, defend or collect the same by means of personal solicitation of such employment." The criminal act of barratry may be .committed in many ways, which are specifically and separately set out in co-ordinate clauses of Art. 430, P. C. The elements which appellant claims were indispensable in his first exceptions above quoted belong in the first clause of Art. 430, and relate to a distinct criminal act from that upon which this prosecution was apparently based and in our opinion is not a part of same. The two clauses appear to be independent of each other. The particular clause of the statute under which this prosecution proceeded was apparently intended to specially reach that class of persons, whether attorneys or not, who are known in common parlance as "strikers" and who engage in the odious practice of soliciting employment for unscrupulous attorneys. This statute was discussed and analyzed by this Court in the case of Ex parte McCloskey, 82 Tex. Crim. Rep. 531, and the reasoning of this case bears out, we think, the conclusion we reach here upon the point under discussion.

Nor do we think there is any merit in the second point. The character of this charge is such that it called for no proof of any affirmative act, like consent in theft cases, upon the part of the Mutual Benefit Health & Accident Association and we think the defendant in the civil proceeding was sufficiently identified and designated, which was all the appellant was entitled to. See recent case of Fleming v. State, 26 S. W. (2d) 258, not yet officially reported.

Third exception that the indictment does not state from whom the appellant sought to obtain employment should, in our opinion, have been sustained. The indictment is a very general one. The appellant was not put upon notice from whom he sought employment. The criminal act is not sufficiently identified to enable him, in our opinion, to prepare his defense. Bearing some analogy to the question under discussion is the long line of authorities holding that the name of the injured party must be alleged and that the proof must correspond with such allegation. See numerous authorities collated by Mr. Branch under Sec. 460 of his Penal Code. Among these are Gorman v. State, 42 Tex. 221; Roberts v. State, 144 S. W. 940; Humbard v. State, 21 Tex. Crim. App. 208. See also Branch's P. C., Sec. 493. Manifestly it would be insufficient to merely allege that the accused had committed an assault or robbery without naming the injured party. Here we have a mere charge that he personally solicited employment without stating from whom same was solicited. This we think rendered the indictment fatally defective.

Without committing ourselves to its correctness in every particular, we cite the case of Ex parte McCloskey, 82 Tex. Crim. Rep. 531, which quotes an indictment containing averments sufficient to meet this particular objection.

Because in our opinion the indictment is fatally defective the judgment is reversed and prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.