## JOSE GARZA V. THE STATE.

### No. 1695.   Decided November 10, 1897.

**1.  Passing a Forged Instrument—Charge of Court.**

On a trial for knowingly passing a forged instrument, where the only defense was that defendant bought the alleged forged instrument from one D., and that he could neither read nor write, and the court, in its charge given, did not submit this issue, and moreover, refused defendant's special instruction upon this issue, and defendant reserved his bill of exceptions; Held, where a defendant sets up and introduces proof of an affirmative defense to the accusation against him, it is the duty of the court to instruct the jury upon the matter thus set up whether requested or not.

**2.  Charge of Court—Practice on Appeal.**

Article 723, Code Criminal Procedure, as lately amended, authorizes reversals on appeal for errors in the charge where they are excepted to on the trial, or on motion for a new trial.

APPEAL from the District Court of Bee.  Tried below before Hon. JAMES C. WILSON.

Appeal  from a conviction for knowingly passing a forged instrument; penalty, two years imprisonment in the penitentiary.

No statement necessary.

[No brief for either party has come to the hands of the Reporter.]

DAVIDSON, JUDGE.—Appellant was charged by indictment with forgery and passing a forged instrument.  The second count alone was submitted to the jury, and the conviction was on that count.

He testified in his own behalf that he bought the alleged forged instrument from Setero Deano, paying him one dollar in money for it.  The instrument itself called for $2.50 worth of merchandise at the store of W. T. Roberts, and purported to have been executed by J. W. Campbell in defendant's favor.  This was his defense, and all that is set up  in the testimony.  He also proved by himself and  his  father that he could not write "in any language," nor could he read.  The court failed to submit this theory of the case in the charge given to the jury, and appellant wrote out a charge embodying this defense, and requested the court to give it.  The court refused to do so, and defendant excepted.

Under repeated decisions of this court it has been held that, where an accused person sets up and offers proof of an affirmative defense to the charge against him, it is the duty of the court to instruct the jury upon this matter, whether asked or not.  See White v. State, 18 Texas Crim. App., 57; Irvine v. State, 20 Texas Crim. App., 12; Bond v. State, 23 Texas Crim. App., 180; Clark v. State, 34 Texas Crim. Rep., 120. However, under the late statute on the subject, appellant brought  himself within the rule therein  laid down by asking a charge on the subject, and reserving his exception to the refusal of the court to give it.  Under . this latter  act this court is prohibited from reversing judgments on errors in connection with the charge, unless they are material, and excepted to at the time of the trial, or on motion for new trial.  Exception was

properly reserved in this instance, and the error is material. If the defendant's testimony be true, the jury may have arrived at the conclusion that he purchased the instrument, and at the time of passing it was ignorant of the fact that it was forged. At least the court was not authorized to decide the credibility of this testimony, and withhold it from the jury, when the instruction was requested.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.