# NOVEMBER, 1922

### JOE PINKERTON v. THE STATE.

#### No. 7027. Decided November 1, 1922.

**Rape—Female Under Age—Charge of Court—Want of Chastity.**

Where, upon trial of rape upon a female under the age of 18 years, the question of the chastity of prosecutrix was raised by the evidence, the court, in the absence of an affirmative charge, should have submitted the defendant's requested charge to the effect that even tho the jury found from the evidence that the defendant had carnal knowledge of the prosecutrix at the time and place charged in the indictment, they could not convict if they further found from the evidence that the defendant himself or any other person prior to said time had carnal knôwledge of the prosecutrix, or if they had a reasonable doubt thereof, and refusal to do so was reversible error.

Appeal from the District Court of Erath. Tried below before the Hon. J. B. Keith.

Appeal from a conviction of rape; penalty, twenty-five years imprisonment in the penitentiary.

*J. A. Johnson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of court's charge: Colininger v. State, 237 S. W. Rep., 288.

MORROW, PRESIDING JUDGE.—The conviction is for rape by consent upon a girl under eighteen years of age; punishment fixed at confinement in the penitentiary for a period of twenty-five years.

The indictment was filed on the 9th day of December, 1921. The offense is charged to have occurred on the 15th day of June, 1921.

The prosecutrix testified to facts showing the commission of the offense upon that date that at the time she was over fifteen years of age. There was specific testimony introduced on the part of the appellant to the effect that prior to the time the offense was charged to have been committed, the appellant had had with the prosecutrix other acts of sexual intercourse. There was also testimony introduced to the effect that prior to the date of the offense other parties had done likewise.

The court gave this instruction in his main charge:

"If you therefore believe from the evidence in this case beyond a reasonable doubt that the defendant, Joe Pinkerton, in Erath, County, Texas, and on about the 15th day of June, 1921, did have carnal knowledge of Ahniwa Wood, a female then and there under the age of eighteen (18) years and did penetrate her female orgain with his male organ and further that the said Ahniwa Wood was then

29—92 T. C.

and there not the wife of the defendant, and that she was of previous chaste character at said time, then you will find the defendant guilty as charged in the indictment and assess his punishment at death or confinement in the penitentiary for life, or for any term of years not less than five in your discretion.

If you do not find and believe from the evidence beyond a reasonable doubt you will acquit the defendant, or if the evidence raises in your mind a reasonable doubt as to whether or not, the prosecuting witness, Ahniwa Wood, was at the time of the alleged offense of prvious chaste character, that is, had not had carnal knowledge of defendant, or any other man, then the defendant would not be guilty and you will so find.''

The appellant requested a special charge reading thus:

''You are charged that even though you may find and believe from the evidence that the defendant, Joe Pinkerton, did have carnal knowledge of Ahniwa Wood, on or about the date alleged in the indictment, still you can not convict him, if you further find and believe from the evidence, that the defendant himself or any other person, prior to said time, had carnal knowledge of the said Ahniwa Wood, or if you have a reasonable doubt thereof, then it would be your duty to acquit the defendant and say by your verdict not guilty.''

The rule is well settled that where the accused on trial presents affirmative evidence going to show the existence of facts which would constitute a defense against the charge, that it is his right to have the jury instructed that if these defensive facts existed, an acquittal should result. The early cases affirmed this rule, and in a proper case, its application has been uniformly demanded. Greta v. State, 9 Texas Crim. App., 429; White v. State, 18 Texas Crim. App., 57; Duncan v. State, 90 Texas Crim. Rep., 479; Rose's Notes on Texas Rep., Vol. 5, p. 447. This demand is not satisfied merely by an implied or negative presentation of the defensive issues arising from affirmative testimony. Irvine v. State, 20 Texas Crim. App., 12; Herron v. State, 20 Texas Crim App., 301; Smith v. State, 24 Texas Crim. App., 299; Hopkins v. State, 53 S. W. Rep., 622; Bonner v. State, 29 Texas Crim. App., 232; Garza v. State, 38 Texas Crim. Rep., 317.

The eighth paragraph of the court's charge is in part but an instruction of the converse of the proposition submitted in paragraph seven. The part of it which is relied upon by the State to embrace the defensive issues raised by the affirmative testimony in a manner justifying the refusal of the special charge which the appellant requested, we think, may not be unjustly characterized as a negative presentation of the issues, as contradistinguished from an affirmatve presentaton of them. The law is definite that if before the time of the alleged offense was committed the appellant had intercourse with

the alleged injured female or any other person had sexual intercourse with her, the prosecution must fall. The special charge which the appellant presented and which was refused was couched in terms informing the jury of this phase of the law in language which required no analysis or construction, but was perfectly plain even to an untrained mind. It was definite and affirmative; it was clearly applicable to the evidence introduced and the court was not warranted in refusing to read it to the jury unless it be because the same information was imparted to the jury in the eighth paragraph of the charge, *supra*. While the eighth paragraph, analyzed by a trained mind, may convey the same idea as that embraced in the special charge, it cannot be justly said that it is by any means so clear as the special charge. We confess that the sufficiency of this charge is not altogether free from doubt. There is, however, no question in our mind but the special charge was proper and much better adapted to serve the purpose intended than the eight paragraph of the main charge. The only defensive theory presented on the trial was that embraced in the special charge requested. In view of the grave nature of the case, the heavy penalty imposed, and the evidence relied upon to meet the defensive theories, we feel constrained to resolve the doubt which we have expressed above in favor of the accused.

Because of the refusal of the special charge which we have quoted, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*