EWELL SIMPSON V. THE STATE.

No. 7155.   Decided January 24, 1923.

**1.—Rape—Bills of Exception—Practice on Appeal.**
    This court finds itself unable to agree with the contention of appellant in any of said bills of exception as presented on appeal.

**2.—Same—Requested Charge—Reasonable Doubt.**
    Where the substantial difference between the requested charge and the court's main charge was in the omission from the charge of reasonable doubt on the matter of a nonchaste female; held, while it is not necessary for the State, in the case of rape, to put in issue or to sustain by proof the previous chaste character of the alleged injured female, it is not believed that any greater burden rests upon the accused in making out such defense, than to present testimony sufficient to raise a reasonable doubt as to the previous chaste character of such female, and where such reasonable doubt is raised and a requested charge was refused thereon, the same is reversible error.

**3.—Same—Practice in Trial Court—Reasonable Doubt.**
    While the request by the jury for an additional charge on the reasonable doubt on the question of chastity cannot be reviewed as presented, it may be mentioned in support of the proposition that the failure to give the requested charge on reasonable doubt was material.

Appeal from the Criminal District Court of Williamson.   Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.—Cited: Pinkerton v. State, recently decided.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited: Collinger v. State, 237 S. W. Rep., 288; Norman v. State, 230 id., 991.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Williamson County of the offense of rape, and his punishment fixed at five years in the penitentiary.

There are twenty bills of exception in the record, each of which has received our careful consideration, but we find ourselves unable to agree with the contention made by appellant and presented in any of said bills except as hereinafter appears.   Appellant presented his

special charge No. 1 which was refused by the court below, said charge being as follows:

"Gentlemen of the Jury: You are further instructed that although you may find from the evidence, and beyond a reasonable doubt, that the prosecutrix, Louise Cluck, at the time of the alleged offense was between the ages of fifteen and eighteen years, and that on or about the time alleged in the indictment the defendant had carnal intercourse with her, yet you cannot convict the defendant of said alleged offense if from the evidence you believe that at the time of the alleged act of carnal intercourse (if you find there was an act of carnal intercourse between the defendant and the prosecutrix, Louise Cluck), she was not a chaste female, or if from all the evidence you have a reasonable doubt as to whether at said time she was a chaste female; and in this connection, you are instructed that a chaste unmarried woman is one who has never had carnal intercourse with a man."

Apparently said special charge was refused upon the theory that it was substantially given in paragraph 5 of the court's main charge, which is as follows:

"You are further instructed that although you may find from the evidence, and beyond a reasonable doubt, that the prosecutrix, Louise Cluck; at the time of the alleged offense was between the ages of fifteen and eighteen years, and that on or about the time alleged in the indictment the defendant had carnal intercourse with her, yet you cannot convict the defendant of said alleged offense if you find from the evidence that at the time of the alleged act of carnal intercourse the said Louise Cluck was not a chaste female; and in this connection, you are instructed that a chaste woman is one who has never had carnal intercourse with a man. As to this issue, you are instructed that the burden of proof is on the defendant."

The substantial difference between the special charge asked and the one contained in said paragraph 5 just quoted lies in the omission from the charge as given of what we deem a material matter consisting of that portion of said special charge next following the words "chaste female" therein; said part of the requested charge being as follows: "or if from all the evidence you have a reasonable doubt as to whether at said time she was a chaste female." We are of opinion that the language of the 1918 amendment to the statute charging rape upon a female under the age of consent (Chap. 50, Acts, Fourth Called Session, Thirty-fifth Legislature) makes it apparent that the burden of showing that the alleged injured female was of previous unchaste character, is on the accused, and that this is a matter purely of defense. Norman v. State, 89 Texas Crim. Rep., 330; 230 S. W. Rep., 991; Cloninger v. State, 91 Texas Crim. Rep., 143, 237 S. W. Rep., 288. However, this burden is unquestionably met when it is made to appear by testimony that there is a reasonable doubt as to

the previous chaste character of the alleged injured female. It is not necessary for the State in making out its case to put in issue or to sustain by proof the previous chaste character of the alleged injured female, such being a matter of defense. If said matter be made an issue, we do not believe any greater burden rests upon the accused in making out such defense, than to present testimony sufficient to raise in the minds of the jury a reasonable doubt as to the previous chaste character of such female. We see no need for attempting to draw fine distinctions in the burden of proof and the quantum of proof. The statute in question contains nothing in reference to the amount of proof made necessary in order to justify the acquittal of the accused upon the hypothesis that the previous unchaste character of the injured female has been shown. We are unable to differentiate the rule applicable to cases of this character, from the general rule applicable in all criminal cases. We know of no authority holding that one may be convicted of a crime where the evidence in the case raises in the minds of the jury a reasonable doubt upon any feature or element involved in the offense charged. In our opinion the charge of the trial court in paragraph 5, which states to the jury that the burden of proof was upon the defendant on the issue of the previous chaste character of the injured female, was to that extent correct; but we also believe that the refusal of the court upon request to instruct the jury that they could not convict the appellant if they had a reasonable doubt from the evidence as to the previous chaste character of said female, was error, and such error as calls for a reversal of this case. It is made to appear in the motion for new trial that after the jury had retired they presented to the trial court a written question asking if the alleged injured female was entitled to the reasonable doubt on the question of her chastity. This matter is not presented in such way as that of itself it is entitled to be considered, but is mentioned by us merely in support of the proposition that the failure to give that part of said special charge above discussed, was material.

For the error of the trial court in declining to give to the jury the material matter omitted from the main charge and included in said special charge, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*