RUFUS CONNELL v. THE STATE.

No. 8010.    Decided February 6, 1924.

**Rape—Continuance—Diligence—Materiality.**

Where, upon trial of rape, the application for continuance showed sufficient diligence and the alleged absent testimony was vital to the defense, it was reversible error to have overruled same. Folowing Norman v. State, 89 Texas Crim. Rep., 331, and other cases.

Appeal from the District Court of Foard. Tried below before the Honorable James V. Leak.

Appeal from a conviction of rape upon a female under the age of consent; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Murchison, for appellant.*—On question of continuance: Young v. State, 230 S. W. Rep., 414; Eppison v. State, 198 id., 948.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of six years.

The prosecutrix testified to two acts of carnal intercourse with the appellant, one of which occurred in April, the other on the 19th of May, 1922. The latter act is the one relied upon for a conviction. She testified and gave her age as fifteen years in August, 1922, and said that she knew her age because her mother had told it to her. The story of the prosecutrix is remarkable in that she related that one of the acts occurred in the presence of the wife of the appellant, a bride of only a few weeks, and that the other act took place in the house occupied by the appellant and his wife and under circumstances showing that it was accomplished within the knowledge of the wife. That either act took place was controverted by direct testimony. If they did take place, it was obviously with the acquiescence of the prosecutrix. There was evidence of contradictory statements touching the author of her ruin. Touching the age of the prosecutrix, several neighbors testified and supported her testimony. Her mother was called as a witness but gave no testimony as to the age of her daughter.

The indictment was filed April 4, 1923. Upon the call of the case for trial on the 10th of the same month, a motion for a continuance was made and overruled. On the 5th of April immediately after his arrest, appellant caused the issuance of a subpoena for the witness C. W. Potts, a resident of King County, which was promptly forwarded by mail to the sheriff of that county, which subpoena had not been returned at the time of the trial. Potts' testimony, as set out in the application, was material upon the issue of the age of the prosecutrix and tended to show that at the time of the alleged offense, she was more than fifteen years of age. The trial lasted but a short time and took place only two days before the adjournment of the court. The motion for a continuance was not contested, and nothing in the record seems to warrant the conclusion that the absent witness might not have been procured by a continuance. H testimony was vital to the defense. See Norman v. State, 89 Texas Crim. Rep., 331; Cloninger v. State, 91 Texas Crim. Rep., 144. The State's counsel concedes that the record does not justify the learned trial judge in refusing to grant a new trial because of the absent testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*