REED BAYLESS v. THE STATE.

No. 8219.   Decided March 26, 1924.

**Rape—Chastity of Female—Charge of Court.**

Where, upon trial of rape upon a female under age, the jury having found upon sufficient evidence that the act was voluntary, to warrant a conviction, it is necessary that they further find that at that time the female was more than fifteen years of age and was not of previous unchaste character at the date of the alleged offense, and where the court's charge was inadequate to advise the jury that a want of chastity might result from her previous acts of intercourse with the appellant as well as with such acts with other persons, the same is reversible error.

Appeal from the District Court of Delta. Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of rape; penalty, thirty-five years imprisonment in the penitentiary.

The opinion states the case.

*C. C. McKinney* and *Henry Wilson*, for appellant.—On question of Court's charge on unchastity of female: Pinckerton v. State, 244 S. W. Rep., 606; Cloninger v. State, 237 id., 288; Simpson v. State, 247 id., 548; Norman v. State, 230 id., 991; Norman v. State, 239 id., 976; Lawrent v. State, 32 id., 539.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of twenty-five years.

The appellant, a youth seventeen years of age, had carnal knowledge of the prosecutrix. She testified that the appellant and another forced her to yield. The circumstances show and the jury found that she voluntarily submitted. There was a sharp conflict touching the age of the prosecutrix. It is made clear that she was not as much as eighteen years of age. The controversy was whether she was under fifteen years. A statement of the evidence upon this issue is deemed unnecessary. The trial was conducted upon the theory that the question was a controverted one and the issue was submitted to the jury by the court; under the evidence he would not have been justified in doing otherwise. There was much testimony, both direct and circumstantial, that the act upon which the prosecution is founded was not the first experience of the prosecutrix. There is much cogent testimony leading to the conclusion that on former occasions she had submitted her person both to the appellant and others.

Reciting the occasion upon which the conviction rests, she testified that both the appellant and Marvin Frazier had intercourse with her; that the act with Marvin preceded that with the appellant. The jury found that this was not without her voluntary acquiescence. Having found upon sufficient evidence that the act was voluntary, to warrant a conviction it was necessary that they further find that at that time she was more than fifteen years of age and was not of previous unchaste character. This is statutory. Penal Code, Art. 1063, amended by Acts of 35th Legislature, 4th Called Session, Chap. 50, Sec. 1. That is to say, if the jury found the prosecutrix to have been over fifteen years of age at the date of the alleged offense, an acquittal should have followed if the evi-

dence left in the minds of the jury a reasonable doubt whether prior to the date of the offense the prosecutrix had voluntarily had intercourse with the appellant or with some other person. Simpson v. State, 93 Texas Crim. Rep., 303, 247 S. W. Rep., 548; Cloninger v. State, 91 Texas Crim. Rep., 143, 237 S. W. Rep., 288; Pinkerton v. State, 92 Texas Crim. Rep., 449, 244 S. W. Rep., 606; Norman v. State, 89 Texas Crim. Rep., 330.

The learned trial judge, recognizing the rule stated, embraced in his charge language to guide the jury. From paragraphs 7 and 8, these quotations are taken:

"  .  .  .  or if you believe from the evidence that the said Almeda Wilson, at the time of such carnal knowledge, was between the ages of 15 and 18 years; and if you further believe from the evidence that prior to the time the said Reed Bayless had such carnal knowledge of the said Almeda Wilson that the said Almeda Wilson was of chaste character, that is, that she had not theretofore with her consent had carnal knowledge with *any other person,* then you will find the defendant guilty as charged in the first count in the indictment."

"Unless you believe from the evidence beyond a reasonable doubt that the said Almeda Wilson, at the time of said carnal knowledge charged in the indictment was under the age of 15 years, and you believe from the evidence that the said Almeda Wilson was unchaste at the time of said carnal knowledge, that is, that she had *not* theretofore with her consent had carnal knowledge with any other person, then you will *not* find defendant guilty on said first count in the indictment"

The language quoted was made the subject of exception in the court below and is here criticised upon the ground that it does not make clear to the jury the rule of law stated above. The charge is deemed inadequate to advise the jury that a want of chastity might result from her previous acts of intercourse with the appellant as well as with acts with other persons. A special charge which would have corrected this fault was requested and refused.

The second paragraph quoted is justly criticised as confusing and contradictory. It was not necessary that the proof show the prosecutrix to be under the age of fifteen years, but it was essential that she be of chaste character. Unchaste as defined in the paragraph of the charge in question, was that of one who *had not* theretofore voluntarily submitted to carnal knowledge with another person. The converse is the law, that is, one was unchaste who had theretofore submitted to such carnal knowledge. The State's Attorney concedes that there was error committed prejudicial to the rights of the appellant. In this view we concur. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*