ED SRALLA v. THE STATE.

No. 8712. Decided June 25, 1924.

**Rape—Female under Age—Consent—Charge of Court—Chastity.**

Where, upon trial of rape upon a female under the age of consent, the proof showed that the prosecutrix acquiesced in the act of intercourse and that at the time she was over fifteen years of age, but under eighteen years, and that following the first act of intercourse there were many others, the date of the first act became an important element, and while her testimony left the record on appeal in such a condition that this court is not content to let the conviction stand, because if in fact the appellant had intercourse with the prosecutrix before the month of June, 1922, she was not at the

time of the alleged offense of previous chaste character, the judgment must, therefore, be reversed and the cause remanded. Following: Cloniger v. State, 91 Texas Crim. Rep., 143, and other cases.

Appeal from the Criminal District Court of Williamson. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wood & Wood,* and *N. L. Taylor,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of five years.

The prosecutrix acquiesced in the act of intercourse. At the time she was over fifteen but under eighteen years of age. According to her testimony, following the first act of intercourse there were many others. The date of the first act became an important element. In her original testimony she fixed the date in June, 1922, claiming that she did not know the exact date but that it was during that month. According to her best recollection, it was upon the 8th of that month. The transaction occurring upon that date was selected by the prosecution, and the jury was specifically instructed that it was upon the act occurring upon that particular day alone that a conviction might be founded. On cross-examination, the prosecutrix showed much uncertainty as to the date. A child was born on the 6th of March, 1923. The cross-examination was directed to the theory that she fixed the date alone by counting back nine months from the birth of the child. After the re-direct examination, she was excused. She was recalled, however, on the following day and interrogated by State's counsel. On this examination she said that she received letters from the appellant and that she knew his handwriting; that the envelope produced was in his handwriting; that it contained a letter written by him which she had burned. In addition to the address, there was written upon the envelope a love message, also upon a slip of paper which the envelope contained. The envelope bore the postmark of May 19, 1922. When asked if she had at any time before that had intercourse with appellant, she said, "Yes." The question was repeated with the same answer. The District Attorney said:

"Do you know, young lady, whether you had or had not at that time had intercourse with him?"

The witness answered:

"Yes, sir; I don't know how long it was before that that I had had intercourse with him."

The envelope with the postmark was also introduced by the State, and again in her cross-examination, she reiterated her statement that prior to that time she had had intercourse with the appellant, and said that she did not know how long it was before the letter was written when their sexual relations began; that it could not have been more than a month.

This testimony leaves the record in such a condition that we are not content to let the judgment of conviction stand. If, in fact, the appellant had intercourse with the prosecutrix before the month of June, 1922, she was not at the time the alleged offense was committed of previous chaste character. See Cloniger v. State, 91 Texas Crim. Rep., 143; Pinkerton v. State, 92 Texas Crim. Rep., 449; Bayless v. State, 260 S. W. Rep., 587. If the state of the evidence was such as to leave in the minds of the jury a reasonable doubt upon this subject, the appellant would be entitled to the benefit of it. Simpson v. State, 93 Texas Crim. Rep., 303. The State relying alone upon the testimony of the prosecutrix and it being self-contradictory upon a question vital to the guilt of the accused, the conviction of rape cannot be sustained. This is a class of cases in which it is recognized by this court and others that caution is demanded. Gazley v. State, 17 Texas Crim. App., 267. The reports of the opinions in this State furnish many examples of its refusal to sustain a conviction in a rape case upon the testimony of the prosecutrix alone where her sworn statement upon the witness-stand is deliberately and definitely contradictory upon a matter essential to the conviction. See Draper v. State, 57 S. W. Rep., 656; Plair v. State, 56 S. W. Rep., 622; Galaviz v. State, 82 Texas Crim. Rep., 379; Petty v. State, 94 Texas Crim. Rep., 114; 249 S. W. Rep., 850.

The State's attorney before this court has filed a brief advising that, in his judgment, a reversal should be ordered. We are of that opinion. Therefore, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*