PETE TRO v. THE STATE.

No. 7863.   Delivered June 26, 1925.

1.—Transporting Intoxicating Liquor—Argument of Counsel—Not Reversible Error.

Where on a trial for transporting intoxicating liquor, counsel for the state in his argument said to the jury in substance, "when men get into a criminal case like this they would go to Newton Willis, (appellant's attorney) to get them out" and on objection, being interposed the court orally instructed the jury to disregard the remark, no reversible error is presented. It is better practice where argument is objected to for appellant to present a special charge withdrawing same from the consideration of the jury. See Schroeder v. State, 36 S. W. 94, and other cases.

2.—Same—Liquor Laws—Construction of Statutes—Indictment.

Under our liquor statutes, as amended, it is not necessary for the indictment to negative the exceptions set out in the statute as to the transporting of intoxicating liquor for mechanical, medicinal, scientific or sacramental purposes.

**3.—Same—Charge of Court—Issue Not Raised—Erroneously Submitted.**

Where on a trial for transporting intoxicating liquor, there is no evidence raising the issue of a transportation for mechanical, medicinal, scientific or sacramental purposes, it is error for the trial court to submit this defensive issue in his charge to the jury. It being calculated to mislead and confuse them, and to be appropriated by them hurtfully to appellant's case.

**4.—Same—Charge of Court—Defensive Issues—Burden of Proof.**

Where a statute contains exceptions, or other defensive matter that is available to the defendant, such defensive matter must be raised by the evidence, but the doctrine of reasonable doubt applies to such issues, and in submitting them, the trial court should always charge the jury, that if there is a reasonable doubt in their minds as to such defenses, to acquit, and a charge that the burden of proof is on the defendant to prove such defensive issue, that does not also clearly embrace the reasonable doubt, which is applicable to every defense, is reversible error. See Lucio v. State, 35 Tex. Crim. Rep. 320, and numerous other cases cited.

**5.—Same—Charge of Court—Special Defenses—Affirmatively Charged.**

There is no principle of law better established than that the accused is entitled to a distinct and affirmative charge as to any special defense he may have, that is raised by the evidence, also that a charge should not be given which is inapplicable to the evidence, or which presents a defense or an issue not made by the evidence. See Art. 735, note 1, Vernon's Crim. Stats. Vol. 2, for collation of cases on the points mentioned.

Appeal from the District Court of Roberts County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Hoover, Hoover & Willis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was convicted in the district court of Roberts County of transporting intoxicating liquor, and his punishment fixed at two years in the penitentiary.

On the morning of the day in question appellant was seen driving his car along a road about a half mile from the town of Canadian. Another man was with him. Appellant drove three hundred yards past the house of a witness and stopped the car and the man accompanying appellant got out of the car and went in a stooping position to a point eighteen or twenty feet from the road. At this point he stopped, turned and came back to the car, which was then turned around and came back past the house of witness and thence in the direction of Canadian. According to the testimony of this witness the car was appellant's, and he was driving it at the time, which

was fixed at between 6 and 7 o'clock in the morning just about sunup. Shortly after the car had gone back to town witness went to the place where it had stopped and observed tracks leading from the point where the car stopped to a trash pile and from there back to the car. Examining said trash pile witness found in it a bucket containing a jar with liquid in it, the whole covered by a rag thrown over it. Witness communicated with the sheriff who presently came with a deputy. The sheriff took from the jar a sample of the liquor therein which by test was shown to be whiskey containing about 60 per cent alcohol. The deputy sheriff was left at a nearby place and watched until later in the day appellant returned in another car, went to the trash pile, picked up the jar of whiskey and started with it toward the car in which he had just come. The officer gave chase and just before he overtook appellant the latter broke the jar upon a culvert at the roadside. The court submitted the case to the jury upon a charge on circumstantial evidence, and in our opinion the facts stated fully warranted the judgment of conviction.

There is but one bill of exceptions in the record which was taken to the argument of State's attorney in which he said substantially that when men got into a criminal case like this defendant had, they would go to Newton Willis (appellant's attorney) to get them out of it; and that men would say when they were arrested for a criminal offense, "Well, I will just go down to Canadian and hire Newton Willis, he will get me out of it." The bill of exceptions shows that when appellant objected to this argument the trial court told the State's attorney to stay in the record and told the jury not to consider the argument. Not enough importance was attached to it to cause appellant to ask any written charge regarding the matter. This is ordinarily held necessary. Schroeder v. State, 36 S. W. 94; Trotter v. State, 37 Texas Crim. Rep. 468; Carver v. State, 36 Texas Crim. Rep. 552; Gent v. State, 57 Texas Crim. Rep. 414; Railey v. State, 58 Texas Crim. Rep. 1; Young v. State, 19 Texas Crim. Rep. 536. We would not be inclined to hold it of that material character that would call for a reversal. We think the indictment sufficiently charged an offense without any allegation as to the place to or from which the liquor was transported.

The fourth paragraph of the court's charge reads as follows:

"The State is not required to prove in the first instance that the transportation of spirituous, vinous or malt liquors, or intoxicating liquors, or medicated bitters, capable of producing intoxication, was not either for mechanical, medicinal, scientific or sacramental purposes, but when the evidence shows, if it does show that the defendant transported such liquors or medicated bitters as alleged in the indictment, then the burden is upon the defendant to show that such transportation was either for mechanical, medicinal, scientific or sacramental purposes."

This charge was excepted to, first on the ground that, it being alleged in the indictment that the transportation was not for any of the excepted purposes, the State was bound to prove such facts. This exception is not tenable. Prior to the amendment to the present liquor law placing the exceptions in a separate article it was held that although the State was bound to negative the exceptions in the indictment it was not necessary to prove the same, they being a matter peculiarly within the knowledge of a defendant. Robert v. State, 90 Texas Crim. Rep. 133, 234 S. W. 89. Under the law as now amended it is not necessary to negative them at all. The second ground of exception to said charge was that it was on the weight of the evidence and intimated that the defendant had transported the liquor unlawfully; third, that it intimated that if the defendant did not show that the transportation was for one of the excepted purposes he should be convicted; and fourth, that it was calculated to confuse the jury as to the burden of proof, being contradictory of other parts of the charge on that subject. The three last exceptions may be considered together.

There was no evidence calling for the charge in question and it should not have been given. There is not a word of testimony claiming or even suggesting that the liquor was being transported for one of the excepted purposes. Appellant introduced no evidence whatever, but stood upon his plea of "not guilty." The propriety of a charge to the effect that the "burden of proof" is on the defendant under certain circumstances was considered in Lucio v. State, 35 Texas Crim. Rep. 320; Milam v. State, 66 Texas Crim. Rep. 249; Kuhn v. State, 34 Texas Crim. Rep. 85; Blair v. State, 26 Texas Ct. App. 387; Leonard v. State, 7 Texas Ct. App. 417; Jones v. State, 13 Texas Ct. App. 1, Robert v. State, 90 Texas Crim. Rep. 133, 234 S. W. 89. The Jones case (supra) reviews the authorities on the subject up to the time that opinion was delivered and may be regarded as one to the leading cases on that point. After discussing former opinions, Judge Wilson says:

"When the defendant pleads 'not guilty' and does not rely upon any matter as a defense which is separate and distinct from, and independent of, the facts constituting the offense, the burden of proof does not rest upon him to prove anything, and in such case it would be error to give in charge to the jury Article 51, (now 52) of the Penal Code."

There is no principle of law better established than that accused is entitled to a distinct and affirmative charge as to any special defense he may have; also that a charge should not be given which is inapplicable to the evidence, or which presents a defense or an issue not made by the evidence. We cite no specific authority on this point, as it is so well established as to be unnecessary to do so,

but in Note 1, under Article 735, Vernon's Criminal Statutes, Vol. 2, will be found two pages of cases collated on the points mentioned. There was no necessity to give the charge complained of in so far as appellant's rights were concerned because he asserted no such affirmative defense as claiming the transportation of the liquor in question to have been for one of the excepted purposes, and because there was no such defensive issue, nor any evidence relative thereto, the charge was not called for and should have been omitted. There was no specific exception to the charge because no such issue was raised by the evidence, but the exception that it was "confusing" brings the matter before us for review, because one of the very things which made it confusing was the absence of any evidence upon which to base it, leaving the jury at a loss to know how to appropriate and apply it.

In Robert v. State, (supra) a charge almost in the same words as the one here given was considered, but the question then before us was not the form of the charge, but whether under the law as then written the State was required to assume the burden of proving the exceptions which it was then necessary to allege in the indictment. The Robert opinion in this respect may have been misleading and have justified the learned trial judge to use the form of charge therein copied if it had been necessary to charge upon that issue at all in this case. In Jones v. State, 257 S. W. 895, another charge similar in language to that set out in the Robert opinion was condemned, and the fact adverted to that in the Robert case (supra) we were interpreting the statute and not deciding the case upon the form of charge now complained of. We believe the correct rule is announced in the Jones case 257 S. W. 895 as follows:

"That the liquor was transported for one of the lawful purposes named is in the nature of an affirmative defense. When, as in the present case, the evidence raises an issue touching such defense, the charge should be so framed that it will require an acquittal if, from the evidence, the jury believed that the appellant's transportation of the intoxicating liquor was for medicinal purposes or if they had a reasonable doubt whether that was his purpose. Clevenger v. State, (Texas Crim. App.), 255 S. W. 622; Simpson v. State, 93 Texas Crim. Rep. 303, 247 S. W. 548; Johnson v. State, 29 Texas Ct. App. 150, 15 S. W. 647."

The Clevenger case (supra) is directly in point upon the matter under discussion. Where a defendant is charged with a violation of the present liquor laws, it can not be doubted that a claim that he come within one of the exceptions is in the nature of an affirmative defense, and, in a sense, the burden of proof is upon him to so show, but only to the extent that it is upon a defendant in any case where an affirmative defense is interposed; and that is, only

to the extent that the evidence, (whether it may come in the develop-
ment of the State's case or from the defensive evidence alone,)
raises in the minds of the jury a reasonable doubt as to the guilt
of accused. Any other rule is in conflict with the whole spirit of
the law, and against the presumption of innocence. Many cases will
be found collated under Section 11, page 5, in Branch's Ann. Pen.
Code, supporting the proposition that:

"A charge is error which requires the jury to 'find' or 'believe'
the defensive theory before they can acquit, if reasonable doubt
is not also charged in immediate connection with the same para-
graph."

We are unable to bring ourselves to believe that even where a
charge such as was given in the instant case is called for by the
evidence that to tell the jury "the burden of proof is on the defend-
ant to *show*" that he comes within one of the exceptions, without
in connection therewith advising the jury that he is required to
"*show*" it only to the extent of raising in their minds a reasonable
doubt thereof is any less onerous than would be a charge that if they
"find" or "believe" that defendant came within one of the exceptions
to acquit without charging reasonable doubt in connection therewith.
Acts of the Legislature, 1918, 4th C. S. Chapter 50, Sec. 1, pro-
vided that in consent rape cases if the alleged injured female was
between the ages of 15 and 18 years the defendant "might show" she
was of previous unchaste character as a defense. In principle we
are unable to distinguish a difference in permitting the defendant
in that class of cases to "show" that the woman was of previous
unchaste character as a defense, from permitting the defendant in
a prosecution for violating the liquor law to "show" that he came
within one of the exceptions. There is no difference. But to what
extent is a defendant in a rape case of the character mentioned
required "to show" that the woman was of previous unchaste char-
acter? This question was answered by Judge Lattimore in Simpson
v. State, 93 Texas Crim. Rep. 303, 247 S. W. 548, in reasoning which
is unanswerable and language that is unmistakable. In that case
the court charged if the jury found from the evidence that the
alleged injured female at the time of the act of carnal intercourse
was not chaste they could not convict the defendant, and that, "as
to this issue, you are instructed that the burden of proof is on the
defendant." A special charge was requested telling the jury that
if from all the evidence there was a reasonable doubt as to whether
at the time of the act of intercourse the alleged injured female was
a chaste woman they should acquit. The requested charge was re-
fused. We quote from Judge Lattimore's opinion in the Simpson
case as follows:

"The substantial difference between the special charge asked and the one contained in said paragraph 5 just quoted lies in the omission from the charge as given of what we deem a material matter consisting of that portion of said special charge next following the words 'chaste female' therein; said part of the requested charge being as follows: 'or if from all the evidence you have a reasonable doubt as to whether at said time she was a chaste female.' We are of opinion that the language of the 1918 amendment to the statute charging rape upon a female under the age of consent (Chap. 50, Acts, Fourth Called Session, Thirty-Fifth Legislature) makes it apparent that the burden of showing that the alleged injured female was of previous unchaste character, is on the accused, and that this is a matter purely of defense. Norman v. State, 89 Texas Crim. Rep., 330, 230 S. W. Rep., 991; Cloninger v. State, 91 Texas Crim. Rep., 143, 237 S. W. Rep. 288. However, this burden is unquestionably met when it is made to appear by testimony that there is a reasonable doubt as to the previous chaste character of the alleged injured female. It is not necessary for the State in making out its case to put in issue or to sustain by proof the previous chaste character of the alleged injured female, such being a matter of defense. If said matter be made an issue, we do not believe any greater burden rests upon the accused in making out such defense, than to present testimony sufficient to raise in the minds of the jury a reasonable doubt as to the previous chaste character of such female. We see no need for attempting to draw fine distinctions in the burden of proof and the quantum of proof. The statute in question contains nothing in reference to the amount of proof made necessary in order to justify the acquittal of the accused upon the hypothesis that the previous unchaste character of the injured female has been shown. *We are unable to differentiate the rule applicable to cases of this character, from the general rule applicable in all criminal cases. We know of no authority holding that one may be convicted of a crime where the evidence in the case raises in the minds of the jury a reasonable doubt upon any feature or element involved in the offense charged.*"

We believe the reasoning in the language just quoted to be unanswerable, and as statd by Judge Lattimore in that opinion, we are unable to differentiate the rule applicable to cases for violating the liquor laws from the general rule applicable to all criminal cases, including that of rape. A similar question was before the court in Walker v. State, (No. 8212, opinion April 2, 1924, now pending on motion for rehearing). In that case the defendant was on trial for transporting liquor. The affirmative defensive issue was interposed that he was transporting it for medicinal purposes only. The court there told the jury that, "the burden of proof would be upon the

defendant to establish by a preponderance of the evidence that it was transported solely for medicinal use.'' The court in that case said:

''In such case it was error to require him to show by a preponderance of the testimony that he was transporting it for said excepted purpose. Such an announcement in the charge of the court subverts the doctrine of reasonable doubt. When there is testimony upon the trial raising the issue of the transportation, etc. of liquor for one of the excepted purposes, the jury should be told that unless they believed beyond a reasonable doubt that such transportation, etc. was not for the excepted purpose relied upon in the particular case, they should return a verdict of not guilty.''

We are unable to bring ourselves in accord with the contention of the State that considering the charge as a whole in connection with the charge excepted to that no injury could have resulted to appellant and that therefore the case should be affirmed. This we think involves too much speculation upon the part of this court to authorize the conviction to stand in the face of a charge not called for by the evidence and which was unquestionably confusing in its character; that it was contradictory of other portions of the charge there can be no question; that it placed a burden upon appellant not sanctioned by the law is equally apparent; that the jury were left to grope in the dark in an effort to apply a charge having no basis under the evidence is unquestioned. Just what impression was made upon the jury's mind under the conflicting charges given is uncertain. They could, and may, have appropriated the erroneous charge in a manner hurtful to appellant.

In such condition of the record our duty clearly demands a reversal of the judgment; it is so ordered, and the cause is remanded for a new trial.

*Reversed and remanded.*