## R. L. BOOKER v. THE STATE.

No. 13474.   Delivered May 14, 1930.
Reported in 28 S. W. (2d) 150.

The opinion states the case.

*Ben L. King* and *Thos. C. Ferguson,* both of Burnet, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for rape, punishment being twenty-five years in the penitentiary.

Appellant was charged with rape upon Julia Booker, alleged to be under 18 years of age. She was appellant's own daughter. The undisputed evidence shows that appellant began to have intercourse with Julia early in the year 1928, at which time she was a little over sixteen years of age. This relation continued uninterruptedly and with disgusting frequency up to the time this prosecution was instituted. The evidence shows without dispute an act of intercourse on September 25th, 1929. The state elected to prosecute for this act.

Timely written objection to the court's charge was presented because the jury was not instructed if Julia was more than fifteen years of age on September 25, 1929, and was of previous unchaste character they must acquit. A special charge supplying the omission was also requested and refused. After the state had elected to

562

stand on the transaction of September 25th, the court was also requested to direct a verdict of acquittal, which was likewise refused.

Art. 1183, P. C. provides that if prosecutrix is over fifteen years of age it may be shown as a defense in rape consent cases that prosecutrix was of previous unchaste character. If she was unchaste at the time of the act relied on by the state it is a complete defense. Norman v. State, 89 Tex. Cr. R. 330, 230 S. W. 991; Connell v. State, 96 Tex. Cr. R. 475, 258 S. W. 167; Bayless v. State, 97 Tex. Cr. R. 87, 260 S. W. 587; Lyons v. State, 94 Tex. Cr. R. 566, 252 S. W. 518. Previous intercourse with appellant rendered prosecutrix unchaste. Cloninger v. State, 91 Tex. Cr. R. 143, 237 S. W. 288; Pinkerton v. State, 92 Tex. Cr. R. 449, 244 S. W. 606. In the present case appellant offered no evidence whatever. The state's evidence furnished appellant a complete defense against the act of September 25th, 1929.

The Legislature's attention was directed to the law in Cloninger's case (supra) decided in 1922, to the end that it might consider whether an amendment was desirable. No change has been made in the statute.

We are compelled to reverse the judgment and remand the case, and it is so ordered.

*Reversed and remanded.*