## Hershel Searcy v. The State.

No. 13454. Delivered December 3, 1930.
Reported in 33 S. W. (2d) 453.

The opinion states the case.

*Crosby & Estes* of Greenville, for appellant.

*J. E. Abernathy,* County Attorney and *W. C. Dowdy,* Assistant County Attorney, both of McKinney, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—Offense, rape; penalty, five years.

In view of the disposition we make of the case, we find it unnecessary to pass on any question except the sufficiency of the evidence.

All the parties to this transaction were negroes. The offense is alleged in the indictment and shown by the evidence to have occurred about May 15, 1929. Previous unchastity is admitted by the prosecutrix. In her cross-examination on this point she testified in part:

"That Bingham had something to do with me twice. * * * He got on top of me and put his private part in my private part and then he got up and left me there. * * * The next time he got me on the floor and put his private part into my private part and had intercourse with me both of those times and I consented to each

one of them and he did it with my consent each time. That was in October 1926."

Only the first act of intercourse with consent of the female over fifteen years of age can amount to rape. Lyons v. State, 94 Tex. Crim. Rep. 566; Coots v. State, 110 Tex. Crim. Rep. 105, and authorities there cited; Bayless v. State, 97 Tex. Crim. Rep. 87; Sanford v. State, 96 Tex. Crim. Rep. 377; Pinkerton v. State, 92 Tex. Crim. Rep. 449; Norman v. State, 91 Tex. Crim. Rep. 486. If therefore prosecutrix was over the age of fifteen at the time the alleged act of intercourse took place, she was not the subject of rape, unless the elements of force, threats or fraud enter into the case. The instant case was tried upon no such theory so the only fact question remaining for determination was whether or not prosecutrix in this case was over fifteen years of age in May, 1929. She testified on direct examination that she was only thirteen in May, 1929, but on cross-examination she testified:

"I do not know when I was born and do not know how old I am now except from what my mother says. I did not swear before the grand jury in 1926 that I was then fourteen years old. They asked me about my age at that time and I told them according to my mother's statement that I was fourteen years old. I thought that was so at the time I was telling it to the grand jury. What I said a while ago was in reference to what my mother told me."

It appears that one Bingham was indicted for statutory rape upon prosecutrix in October, 1926, and that she appeared against him then as a witness. She further testified:

"When I was before the grand jury in October 1926 I told them that my mother had told me that I was fourteen years old at that time, and I thought I was telling the truth about it then. That was in October in 1926."

The State did not see fit to call her mother as a witness. The appellant, however, called her and she testified in part with reference to the age of prosecutrix:

"She was born in Pittsburg and the doctor was Dr. Rose; he was the physician there and I was living in Pittsburg then. I think that was the 18th of May but I don't know exactly what year it was. It was on the 18th but I do not know exactly what month it was in. I wouldn't know exactly how long I have lived in Pittsburg after that but I have lived in Pittsburg after she was born till she was old enough to go to school and then I moved from Pittsburg to Greenville. I stayed in Greenville about four or five

years, about five years I guess, well I moved back to Pittsburg and stayed at Pittsburg about three years I guess and then I moved to Royse and I have been in Royse about six years I guess maybe longer than that. I lived in Greenville about five years and then I moved back to Pittsburg and stayed there three years and moved to Royse City and stayed six years—it may have been longer, just about eight years. And this girl was old enough to go to school when I left Pittsburg. * * * I guess she was about eight years old when I left there. I don't know."

Adding the years which the mother testified were spent at the various places detailed above, her age at the time of the alleged offense was considerably above fifteen years. If she were fourteen in 1926, as she testified at the instance of her mother then when an indictment was returned against another for the offense of statutory rape upon her in the nature of things she must have been about seventeen at the time of this trial, which corresponds approximately to what her mother testified, as above, though her mother also said she was only fourteen at the time of the trial. Proof of her age rests entirely upon the statements of her mother and it uncontradictedly appears that in 1926 her mother then said she was fourteen in a pending rape prosecution, and that in 1929 she was still fourteen. Time stood still for her for three years from one rape case to the next. This is a modern miracle which overtaxes our credulity to believe.

There are other inconsistencies in the testimony, but the above is sufficient to demonstrate that the evidence is too unsatisfactory regarding the age of prosecutrix to permit this conviction to stand. This is not a case of conflict in the testimony of witnesses, as argued by the State, but one where the only witness upon a material point fails to sufficiently sustain the State's case.

Because the evidence is insufficient, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.