

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 24, 1964

Honorable Jesse James
State Treasurer
Austin, Texas

Opinion No. C- 297

Re: Where the special trust fund
created by Section 9 of Article
4.08, Texas Insurance Code,
contains insufficient funds to
pay for publication of notices
required under Section 5 of
such Article, may the cost of
such publication be paid out
of the general appropriation
to the State Treasurer's office,
and if not, may the expense of
publication be incurred and
paid from the special trust
fund as money accrues to such
fund?

Dear Mr. James:

You have requested an opinion of this office involving
the following questions:

Where the special trust fund created by Section 9 of
Article 4.08, Texas Insurance Code, contains insufficient funds
to pay for publication of notices required under Section 5 of
such Article:

"(1) Whether the cost of such publications
can be paid from regular appropriations from the
General Revenue Fund made to this office for gen-
eral operating expenses.

"(2) If we are prohibited from paying the
expense of such publication from the above referred
to General Revenue Fund appropriations, is there any
prohibition against incurring the expenses of publica-
tion as required by Section 5 and later making payment
from the special trust fund provided for in Section 9
of said Article 4.08, Texas Insurance Code."

Texas Insurance Code (Vernon's 1948) Article 4.08, Section 5 reads in part:

". . .The expenses of publication shall be charged against the special trust fund provided for in Section 9."

Article 4.08, Section 9 reads in part:

". . .The remaining one-fourth shall be administered by him as a special trust fund for the purposes of this Article, and deposited in the manner provided by law for the deposit of said funds. . . ."

The ordinary meaning of the word "shall" is mandatory and equivalent to "must." Also, when the intent clearly indicates that the word "shall" as used in a statute is intended to be mandatory, it is inconsistent with any idea of discretion and is mandatory. McLaren v. State, 92 Tex.Crim. 449, 199 S.W. 811 (1917); Mitchell v. Hancock, 196 S.W. 694, 700 (Tex.Civ.App. 1917); Jaynes v. Lee, 306 S.W.2d 182 (Tex.Civ.App. 1957). No cases have involved the terms of Article 4.08 or the intent of the Legislature within this Article. Initiated hereunder is a new and separate administration of funds subject to escheat held by life insurance companies

The Austin Court of Civil Appeals in the case of Lawson v. Baker, 220 S.W. 260 (Tex.Civ.App. 1920, error ref.) considered a special state revolving fund and the intent of the Legislature in administration of that fund. The Court said at page 266:

"It is a paramount rule of statutory construction that in case of doubt the intention of the Legislature is to be ascertained if possible. . . .

"The emergency clause of a statute is often an important aid in determining the legislative purpose, and in this case we think it peculiarly so. . . ."

The Emergency Clause, Section 3 of Article 4.08, reads in part:

"The fact that the present laws providing for the escheat of abandoned funds held by life insurance companies and due and payable under any life or endowment insurance policy or annuity

contract which has matured or terminated are
indefinite, inadequate and confusing, creates
an emergency . . ."

Article 4.08, Section 9 creates a special trust fund
from specific unclaimed funds of life insurance companies. To
provide expenses of publication and administration of the act is
the specific purpose of the special trust fund of Section 9. The
Emergency Clause clearly states that the Legislature intended to
eliminate indefinite and confusing laws applicable to life in-
surance companies. Interpretation of mandatory language in Section
5 should resolve doubt or confusion as to the fund from which money
originates in Article 4.08 for expenses of publication. The Legis-
lature intended to eliminate confusion through mandatory designation
in Section 5 of the Section 9 special trust fund as the only fund
to be charged with expenses of publication. We are of the opinion
that the cost of publication may not be paid out of the general
appropriation to the State Treasurer's office.

Your second question is whether the expense of publica-
tion may be incurred and paid from the special trust fund as
money accrues to such fund. Section 6 of Article VIII of the
Constitution of Texas provides that no money may be drawn from
the treasury unless a specific appropriation has been made there-
for. Article 4.08, Section 9 reads in part:

"Upon receipt of any unclaimed funds from
such life insurance companies by the State Treas-
urer, he shall pay forthwith three-fourths of the
amount thereof into the general funds of the state
for the use of the state. The remaining one-fourth
shall be administered by him as a special trust fund
for the purposes of this Article, and deposited in
the manner provided by law for deposit of said funds.
. . ."

Essential elements required in a valid appropriation
were discussed in Atkins v. State Highway Department, 201 S.W.
226 (Tex.Civ.App. 1918). The Court considered contingent amounts
to be deposited to a special fund in Acts, 35th Legislature, Ch.
190, § 23 which read in part:

"All funds coming into the hands of the
highway commission, derived from the registration
fees herein before provided for, or from other
sources, as collected, shall be deposited with the
state treasurer to the credit of a special fund

designated as the 'state highway fund' and shall
be paid /out/ only 'in the manner provided in the
act and for purposes stated.'"

The Courts held that this provision allocating con-
tingent amounts to a special fund constituted a valid appro-
priation within the meaning of Article VIII, Section 6 of the
Constitution of Texas. An appropriation occurs when an act of
the Legislature sets apart and specially designates the money
derived from a particular source of revenue to a particular
purpose. Atkins v. State Highway Department, supra. Article
4.08, Section 9 designates one-fourth of all the unclaimed funds
from life insurance companies which, as collected, are deposited
with the State Treasurer to the credit of a special trust fund
to administer the purposes of the Act. A valid appropriation
of money within the meaning of Article VIII, Section 6 of the
Constitution of Texas was made by the Legislature in Article 4.08,
Section 9 for the purposes stated in the Act.

After the Legislature has appropriated money for a state
agency to its use and maintenance, that agency may incur debts
and pay those debts as money accrues to the administering fund.
See our Opinion No. 0-1544. In the case of Ferguson v. Johnson,
57 S.W.2d 372 (Tex.Civ.App. 1933, error dism.), contractual power
of a state agency to bind a special fund containing insufficient
funds was considered. The Court said at pages 378 and 379:

". . .All general legislative appropriations
for the support of the state government and its
various departments and activities are made for a
future biennium, the revenues to meet which are
prospective and possess an element of uncertainty
equally as great as that incident to those we are
considering. We know of no instance in which the
accumulation of such revenues in the treasury is
a prerequisite to incurring government liability.
The Legislature itself creates such liability in
advance of covering treasury receipts in cases of
specific appropriations, and authorizes creation
of such liability by its contracting agencies.

"The departmental construction evidenced by
the uniform practice of contracting against anticipated
revenues stands unchallenged in the record. . . ."

We are of the opinion that the appropriation by the
Legislature for funds collected through escheat procedures from

life insurance companies allows expenses of publication to be incurred and paid from the special trust fund as money accrues to such fund.

## S U M M A R Y

Where the special trust fund created by Section 9 of Article 4.08, Texas Insurance Code, contains insufficient funds to pay for publication of notices required under Section 5 of such Article, the cost of such publication may not be paid out of the general appropriation to the State Treasurer's office, but the expense of publication may be incurred and paid from the special trust fund as money accrues to such fund.

Very truly yours,

WAGGONER CARR
Attorney General

By:
    Gordon Houser
    Assistant

GH:ml:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Gordon Cass
Roger Tyler
Sam Lane

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone